ROSEDALE CEMETERY ASSOCIATION AND LINDEN CEME-
TERY ASSOCIATION v. TOWNSHIP OF LINDEN.

Submitted March 24, 1906—Decided June 11, 1906.

The personal property of cemetery associations, consisting of horses,
hearses, carriages, agricultural implements, tools and other
articles used exclusively in and about their cemeteries and for
burials in their cemeteries, are subject to taxation.

On *certiorari.*

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutors, *Maximilian T. Rosenberg.*

For the defendant, *Theodore C. English.*

The opinion of the court was delivered by

GARRETSON, J.   The prosecutors, duly incorporated ceme-
tery associations, claim exemption from municipal taxation
upon their miscellaneous personal property, consisting of
horses, hearses, carriages, agricultural implements, tools and
other articles used exclusively in and about the cemeteries
of said associations and for burials in the cemeteries owned
by them.

The prosecutors base their claim for exemption from tax-
ation upon section 8 of "An act to authorize the incorporation
of rural cemetery associations and regulate cemeteries" (*Gen.
Stat., p.* 349), which provides "that the cemetery lands and
property of any association formed pursuant to this act or
otherwise incorporated, as well as bonds and mortgages given
to secure the purchase-money of such cemetery lands, shall
be exempt from all public taxes, rates or assessments, and
shall not be liable to be sold on execution or be applied in
payment of debts due from any individual proprietors, but
the proprietors of lots or plots in such cemeteries, their heirs

or devisees, may hold the same exempt therefrom so long as the same shall remain dedicated to the purpose of a cemetery, and during that time no street, road, avenue or thoroughfare shall be laid through such cemetery, or any part of the lands held by such association for the purpose aforesaid without the consent of the trustees of such association, except by special permission, of the legislature, of the state." This section is substantially the same as section 1 of an act of 1879 (*Gen. Stat., p.* 360, § 56), amending section 10 of an act of 1851.

The prosecutors insist that the word "property," as used in the eighth section, *supra,* means personal property.

All exemptions from general taxation are to be considered strictly, the resolution in case of doubt being in favor of the rule which subjects all property to a just share of the public burdens.

In *State* v. *Krollman, Collector,* 9 *Vroom* 574, the exemption from taxation of "the endowment or fund of any religious society, college," &c., was held not to include an endowment of a religious society, college, &c., consisting of land.

An exemption from taxation of buildings erected and used for religious purposes was held not to exempt a parsonage erected by a religious society on their church lot. *State* v. *Axtell,* 12 *Vroom* 117; *Little* v. *Bowers,* 17 *Id.* 300; *State Board of Assessors* v. *Paterson, &c., Railroad Co.,* 21 *Id.* 446; *Presbyterian Board* v. *Fisher,* 39 *Id.* 143. Tax emptions are not favored and must be given the most rigid admissible construction. *Cooper Hospital* v. *Camden,* 41 *Id.* 478.

It is in accordance with the common wish of mankind that the places where the dead are buried should be protected and preserved against the interference of possible sales for unpaid taxes or under execution for debts and be kept free from all molestation or desecration. These legislative exemptions of cemetery property are the expression of that wish. But it is not perceived how that wish is made effectual by exemption from taxation property not used for burial places that has

no associations connected with it, and may be disposed of by the association at any time, to any person for any purpose.

A reading of this section also discloses that all the provisions except that relating to taxation can refer only to real estate. The word "property," as used in association with the words "cemetery lands," would be reasonably and according to well-known rules of construction held to mean like property to cemetery lands, and could well refer to structures, monuments, gravestones and buildings erected upon the lands for cemetery purposes.

In the general tax acts, when personal property is exempted from taxation, it is plainly indicated.

In the Tax act of 1866, as amended in 1894 (*Gen. Stat., p.* 3320, § 200, *subd.* 2), the exemption of colleges, &c., is as to the "land" and "the furniture" of the buildings and "the personal property used therein," and much the same language appears in the Tax act of 1903. *Pamph. L., p.* 394.

The Tax act of 1903 exempts cemeteries under the following language: "Graveyards, not exceeding ten acres of ground, cemeteries and buildings for cemetery use erected thereon."

The word "property," as used in section 8 of the act authorizing the incorporation of cemeteries, *supra,* does not include personal property.

We think, further, that the only right of exemption from taxation which these prosecutors have must be found in "An act for the assessment and collection of taxes." *Pamph. L.* 1903, *p.* 394. This is a general act upon the subject and contains a declaration by the legislature what property in the state shall be subject to taxation and what property shall be exempt from taxation: It enacts: "All property, real and personal, within the jurisdiction of this state not expressly exempted by this act or excluded from its operation shall be subject to annual taxation at its true value under this act." The only exemptions are the exemptions expressly mentioned in the act and contained in subdivisions 1, 2, 3, 4, 5, 6 and 7 of section 3. The property excluded from its operation is the property mentioned in subdivision 8 of section 3, viz.:

"All offices and franchises and all property used for railroad and canal purposes, the taxation of which is provided for by any other law of this state." The act of 1903 has also, in section 66, this general repealer: "All acts, general and special, inconsistent with the provisions of this act, are hereby repealed."

It cannot be contended that the legislature is without power to change the method and manner of taxing the property of cemetery associations incorporated under the act of 1875, *supra*. *Sisters of Charity* v. *Chatham, 23 Vroom* 373.

The legislature has clearly expressed its intention to regulate the taxation of the property of cemetery associations by the act of 1903, *supra*.

By that act there is no exemption from taxation of the personal property of cemetery associations; the only property of such associations exempt from taxation is "cemeteries."

The taxes assessed are confirmed, with costs.