FOREST HILL CEMETERY COMPANY *v.* J. H. CREATH,
*County Trustee, et al.*

[(*Jackson.* April Term, 1913.)]

1. **TAXATION. Real estate, permanent improvements thereon, and the improvement fund of an incorporated cemetery company, may be exempted by statute from taxation.**

Where a cemetery corporation is, by its charter, empowered to acquire real estate "to be used as a cemetery or burying ground forever," and to hold gifts for the improvement of the cemetery, and is required, by its charter, to set apart one-fourth of the proceeds of the sales of lots for an improvement fund, whose preservation and application may be enforced by the lot purchasers or their descendants, such property is held for a public purpose, and the real estate and the permanent improvements thereon, necessary to its use as a cemetery, and the improvement fund of such cemetery corporation are held for a charitable purpose," within the meaning of the constitutional provision (art. 2, sec. 28) that the legislature may exempt from taxation property used for charitable purposes; and, therefore, the statute (Acts 1907, ch. 602) exempting cemeteries from taxation is valid and constitutional, and operates to exempt from taxation the real estate and improvements, and the improvement fund, which for purposes of taxation, must be treated as realty. (*Post, pp.* 688-691.)

Acts cited and construed:  Acts 1907, ch. 602.

Constitution cited and construed:  Art. 2, sec. 28.

Case cited and approved:  Railroad v. Cemetery Co., 116 Tenn., 400.

2. **SAME. Statute exempting cemeteries from taxation does not operate to exempt personal effects of an incorporated cemetery company.**

The statute (Acts 1907, ch. 602), exempting all cemeteries and places of burial from taxation indicates place or premises, and

---

Cemetery Co. v. Creath.

---

does not operate to exempt from taxation the personal effects of an incorporated cemetery company. (*Post, p.* 691)

Acts cited and construed: Acts 1907, ch. 602.

Cases cited and approved: State v. Casey, 210 Mo., 235; Cemetery Association v. Linden, 73 N. J. Law, 421.

3. **SAME. Statute taxing cemetery stock at its value, less assessed value of realty and tangible property, requires value of such property to be deducted, whether exempt or not.**

The statute (Acts 1907, ch. 602), exempting from taxation cemeteries, and providing that the stock of any cemetery corporation shall be assessed, as the property of the stockholders, at not less than the actual cash value, less the assessed value of realty and tangible property of the corporation, subjects the stock to taxation at its full value, less the value of the real estate and tangible property of the corporation, whether exempt or not. (*Post, pp.* 689, 691, 692.)

Acts cited and construed: Acts 1907, ch. 602.

4. **CEMETERIES. Grant for maintenance of a public incorporated cemetery will be upheld as a pious and charitable use, when.**

It is not to be doubted that a grant for the maintenance of an incorporated public cemetery, as contradistinguished from a grant for the maintenance of private graves, is to be upheld as being in the nature of a pious and charitable use. (*Post, p.* 691.)

Cases cited and approved: Hornberger v. Hornberger, 12 Heisk., 635; Hopkins v. Grimshaw, 165 U. S., 342; In re Vaughan, 33 Chy. D., 187; In re Mauser, 1 Chy., 68; Johnson v. Holified, 79 Ala., 423; Hoeffer v. Clogan, 171 Ill., 462.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County (Part II).—FRANCIS FENTRESS, Chancellor.

FITZHUGH & BIGGS and S. M. NEELY, for complainant.

D. B. PURYEAR, for defendant Creath.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill filed in this cause was for an injunction to inhibit the back assessment (1) of the properties or capital stock of the Forest Hill Cemetery Company; and (2) of the shares of capital stock of said company held by its stockholders. A demurrer was filed by the defendant tax officials, and appeals were prayed by both complainant and defendants from the chancellor's disposing of the demurrer.

The complainant company, incorporated under the laws of this State, is by its charter empowered to purchase land "to be used as a cemetery or burying ground forever," and to hold grants and bequests to be faithfully applied towards the improvement of the cemetery. It is made the duty of the corporation to set apart twenty-five per cent. of the proceeds of all lots sold, to be denominated an "improvement fund," the same to accumulate until the interest amounts to a sufficient sum to keep in order the cemetery; and any purchaser, or the descendants of any purchaser, of a lot are entitled to require the preservation of the fund and application of the interest. Until sufficient interest is thus provided, the corporation is required to keep the grounds in good order out of the remaining three-fourths of such proceeds.

The general assessment law (Acts 1907, ch. 602) provides that cemeteries and places of burial used as such shall be exempt from taxation; but, further, that the shares of stock of stockholders of any cemetery company shall be assessed and taxed, as the property of the stockholders, in lieu of any assessment for taxation of the corporate property, at not less than the actual cash value, less the assessed value of realty and tangible property of the company.

First treating of the nontaxability of the company's lands: It is the contention of the defendant tax officials that it was not in the power of the legislature to exempt these lands, because the constitution of the State limits the properties which the legislature may exempt, and that, under a proper construction of the clause of the constitution treating of exemptions, cemeteries are not included for immunity. The pertinent provision in the organic law is article 2, sec. 28, to the effect that all property shall be taxed, but the legislature may except such as may be held and used for purposes purely religious, charitable, scientific, literary, or educational.

As is seen above, the legislature has deemed and created cemeteries as falling within its power to exempt at its option.

The *public* character of the use of its lands by the complainant company was determined by this court in *Railroad* v. *Cemetery Company,* 116 Tenn., 400, 94 S. W.,

127 Tenn.—44.

69. That its property is held for a *charitable* purpose within the meaning of the constitution we now hold.

For many years prior to the adoption of the constitution of 1870 the legislature had by numerous enactments from time to time exempted cemeteries from taxation. At the time of adoption of the constitution of 1870, the Code of 1858 contained a section so providing. It is inconceivable that the members of the constitutional convention were unaware of the public policy thus evidenced, and it is less conceivable that they meant to leave future legislatures unable, at their option, to make like provisions for the immunity from taxation of property held for burial purposes. If the power to render nontaxable such a holding and use of property be not found in article 2, sec. 28, it does not exist. To treat such property as excluded from that section would therefore be to convict the constitutional convention of a purpose thereafter to subject rigidly, under the mandate that "all property shall be taxed," this species of property to taxation, and that, too, against the natural impulses of mankind and the tender consideration of an increasing civilization in regard to the final resting places of the dead.

It is not to be doubted that a grant for the maintenance of such a public cemetery (as contradistinguished from one for the maintenance of private graves—*Hornberger* v. *Hornberger,* 12 Heisk., 635) is to be upheld as being in the nature of a pious and charitable use. *Hopkins* v. *Grimshaw,* 165 U. S:, 342, 17 Sup. Ct., 401, 41 L. Ed., 739; *In re Vaughan,* 33 Ch. D., 187, 55 L. T.

(N. S.), 547, followed by *In re Mauser*, 1 Ch., 68, 92 L. T. (N. S.), 79, 1 Brit. Rul. Cas., 923, and notes; *Johnson* v. *Holified*, 79 Ala., 423, 58 Am. Rep., 596; *Hoeffer* v. *Clogan*, 171 Ill., 462, 49 N. E., 527, 40 L. R. A., 730, 63 Am. St. Rep., 257; 6 Cyc., 918.

We have not here involved, it should be specially noted, a corporation for profit, that is free at will to throw off or terminate the responsibilities of the charity, but one on which rests during corporate existence a law-imposed trust to set aside, and use the interest on, a fund for the benefit of lot owners; the latter being given the right to enforce the obligations of the trust.

The realty of the complainant company is therefore exempt under the statutory provision above recited, thus valid on constitutional test. Permanent improvements on the land, necessary to its use as a cemetery, are, of course, to be deemed exempt as parts of the realty.

But in regard to the personalty set forth in the bill of complainant, the rule seems to be otherwise. The language of the statute indicates place or premises, and personal effects of the company are not to be deemed to be included for exemption. *State* v. *Casey*, 210 Mo., 235, 109 S. W., 1; *Rosedale Cemetery Ass'n* v. *Linden*, 73 N. J. Law, 421, 63 Atl., 904; 37 Cyc., 946.

The twenty-five per cent. trust or improvement fund, so far as created under the requirement of the charter, must be treated for taxation purposes as the realty of which it is the product.

Considering, now, the *status* of the shares of stock: The purpose of the legislature was to tax only the shares

Cemetery Co. v. Creath.

of stock at their value, less the value of the real estate and tangible property. Had all of this property been assessable for taxation, its value would have been deducted in ascertaining the value of the shares. So far as exempt, it will be likewise taken into reckoning. The general assessment law does not indicate a purpose to double assess and tax, but the contrary; nor is the legislature to be deemed to tax by indirection what it in the *same act* exempted directly. The exemption of the realty is based upon the charitable use of the property by enterprises whose efforts lift in so far the burden of providing a suitable place for the interment of the dead from the city of Memphis or the county of Shelby, as an arm of the State government, and is not to be subverted by indirection in the taxation of the shares of stock at a valuation that includes the realty, or is reckoned on the basis of its taxability. The legislature will not be considered to have given with one hand and taken away with the other.

The decree of the chancellor is accordingly thus modified and affirmed: Remand for proceedings in accord herewith; costs of appeal, one-third against complainant, and two-thirds against defendants.