Lythenille.

## HOLLYWOOD CEMETERY COMPANY V. COMMONWEALTH.

### June 13, 1918.

1.   TAXATION—*Exemptions—Personal Property of Cemetery Company.*—The intangible property, in which the accumulated funds of a cemetery company, a corporation, are invested, are liable to taxation.

2.   TAXATION—*Exemptions—Constitutional Law.*—Under the Constitution of 1869, by section 3 of Article X, the legislature had authority to exempt certain classes of property, but since the Constitution of 1902 became effective all tax exemptions are thereby fixed, and there can be no other such exemptions. The most casual consideration of section 183 of the Constitution of 1902 shows clearly and distinctly the purpose of the convention thereafter to make it impossible for the legislature to create any exemptions from taxation, for it not only provides in detail affirmatively just what property can be exempted from taxation, but expressly denies the legislature the power to add thereto, and specifically prohibits the exemption of any other property. No historical discussion of the provisions of former Constitutions or legislation can make obscure the clear meaning of section 183 of the Constitution, so far as it affects this question.

3.   TAXATION—*Exemptions—Cemeteries.*—The burying grounds and the lots therein exclusively used for burial purposes, owned by a cemetery company or by its lot owners, are exempted from taxation. No other property owned by the company is exempted from taxation, and the legislature is itself prohibited from exempting from taxation any other property of cemetery companies.

4.   CONSTITUTIONAL LAW—*Statutes—Construction of Statutes and Constitutions.*—When the words of Constitutions and of statutes are unambiguous and have a clear and definite meaning, indicating their purpose, it is well settled that courts are not permitted to interpret that which needs no interpretation, and that general rules for the construction of statutes of doubtful meaning have no application. If the intention is

manifest from the language used and leads to no absurd conclusion, courts must give such provisions the effect clearly intended.

5.  TAXATION—*Exemptions—Cemeteries—Fund Appropriated to Cemetery Company by State.*—The legislature appropriated $8,000 to certain trustees and charged them with the duty of securing and executing a contract with the Hollywood Cemetery Company, binding that company to keep the graves of Confederate dead in the soldiers' section in Hollywood cemetery in "perpetual care," upon condition that the Commonwealth should be forever discharged from any further obligation to make any further appropriations to care for the graves of Confederate soldiers buried there. This trust was fully executed by the trustees, and the $8,000 paid over to the company. The company had absolute title to the fund and might use it for any purpose authorized by its charter.

*Held:* That there was no force in the company's claim that this fund constituted a trust of which the State was the beneficial owner, and, therefore, it was exempt from taxation.

Error to a judgment of the Hustings Court of city of Richmond, on a motion to correct an erroneous assessment. Judgment for the Commonwealth. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*M. M. Gilliam* and *Samuel A. Anderson,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The question to be determined in this case is whether or not the intangible property, in which the accumulated funds

of the Hollywood Cemetery Company, a corporation, are invested, is liable to taxation. The trial court decided the question against the company, which is here alleging error and seeking relief against that judgment. The correctness of the decision depends upon the proper construction of pertinent sections of Article 13 of the Constitution of 1902, on taxation and finance.

Section 168 requires that all property, except as thereinafter provided, shall be taxed; and so much of section 183, referring to property which is exempt from taxation, as it is deemed necessary to quote reads as follows:

"Section 183. Except as otherwise provided in this Constitution, the following property, and no other, shall be exempt from taxation, State and local; but the General Assembly may hereafter tax any of the property hereby exempted save that mentioned in sub-section (a):

"(a) Property directly or indirectly owned by the State, however held, and property lawfully owned and held by counties, cities, towns or school districts, used wholly and exclusively for county, city, town, or public school purposes, and obligations issued by the State since the fourteenth day of February, eighteen hundred and eighty-two, or hereafter exempted by law.

"(b) Buildings, with land they actually occupy, and the furniture and furnishings therein lawfully owned and held by churches or religious bodies, and wholly and exclusively used for religious worship, or for the residence of the minister of any such church or religious body, together with the additional adjacent land reasonably necessary for the convenient use of any such building.

"(c) Private family burying-grounds not exceeding one acre in area, reserved as such by will or deed, or shown by other sufficient evidence to be reserved as such, and so exclusively used, and public burying-grounds and lots therein exclusively used for burial purposes, and not conducted for

profit, whether owned or managed by local authorities or by private corporations.

"(d) This clause exempts buildings with the land actually occupied, furniture, furnishings, books and instruments, wholly devoted to educational purposes, belonging to, and actually and exclusively occupied and used by churches, public libraries, incorporated colleges, academies, industrial schools, seminaries, or other incorporated institutions of learning, including the Virginia Historical Society, together with certain other specified property owned by such churches, libraries and educational institutions.

"(e) Real estate belonging to, actually and exclusively occupied, and used by, and personal property, including endowment funds, belonging to Young Men's Christian Associations, and other similar religious associations, orphan or other asylums, reformatories, hospitals and nunneries, which are not conducted for profit, but purely and completely as charities.

"(f) Buildings, with the land they actually occupy, and the furniture and furnishings therein, belonging to any benevolent or charitable association and used exclusively for lodge purposes or meeting rooms by such association, together with such additional adjacent land as may be necessary for the convenient use of the buildings for such purposes; and

"(g) Property belonging to the Association for the Preservation of Virginia Antiquities, the Confederate Memorial Literary Society, and the Mount Vernon Ladies' Association of the Union."

Section 488 of the Code, following the Constitution quite strictly, provides that certain personal property, precisely identical with that specified in section 183 of the Constitution, and no other, shall be exempt from taxation, State and local, and no reference is anywhere made to any personal property owned by cemetery companies. The Code,

section 457, also provides that certain real estate, precisely identical with that specified in section 183 of the Constitution, and no other, shall be exempt from taxation, State and local, and re-enacts, as clause "c" of that statute, subsection (c) of section 183 of the Constitution above quoted.

Under the Constitution of 1869, by section 3 of Article X, the legislature had authority to exempt certain classes of property, but since the Constitution of 1902 became effective all tax exemptions are thereby fixed, and there can be no other such exemptions.

The most casual consideration of this section 183 of the present Constitution shows clearly and distinctly the purpose of the convention thereafter to make it impossible for the legislature to create any exemptions from taxation, for it not only provides in detail affirmatively just what property may be exempted from taxation, but expressly denies the legislature the power to add thereto, and specifically prohibits the exemption of any other property. No historical discussion of the provisions of former Constitutions or legislation can make obscure the clear meaning of section 183 of the Constitution, so far as it affects this question. The burying grounds and the lots therein exclusively used for burial purposes, owned by the company or by its lot owners, are exempted from taxation. This accords with the previous policy of the State for many years. It is equally manifest that no other property owned by the company is exempted from taxation, and that the legislature is itself prohibited from exempting from taxation any other property of cemetery companies.

When the words of Constitutions and of statutes are unambiguous and have a clear and definite meaning, indicating their purpose, it is well settled that courts are not permitted to interpret that which needs no interpretation, and that general rules for the construction of statutes of doubtful meaning have no application. If the intention is

manifest from the language used and leads to no absurd conclusion, courts must give such provisions the effect clearly intended. *Commonwealth* v. *Gaines,* 2 Va. Cas. (4 Va.) 172; *Price* v. *Harrison,* 31 Gratt. (72 Va.) 117; *Johnson* v. *Mann,* 77 Va. 265; *Ryan* v. *Krise,* 89 Va. 733, 17 S. E. 128; *London Bros.* v. *National Bank,* 121 Va. 460, 93 S. E. 699.

That the personal property of cemetery companies is generally held liable to taxation under Constitutions and statutes which exempt their real estate, is shown by the following cases: *Rosedale Cemetery Association* v. *Linden,* 73 N. J. L. 421, 63 Atl. 904; *Commonwealth* v. *Lexington Cemetery Co.,* 114 Ky. 165, 70 S. W. 280; *State* v. *Wilson, President of Baltimore Cemetery Co.,* 52 Md. 638; *State, ex rel* v. *Casey,* 210 Mo. 235, 109 S. W. 1; *Milford* v. *County Commissioners,* 213 Mass. 162, 100 N. E. 60.

One of the points urged in behalf of the company is, that whether liable to taxation upon some of its funds or not, $8,000 thereof which it received in this way is exempt. The General Assembly by act of March 2, 1914 (Acts 1914, page 37), reciting that it had for several years theretofore made appropriations from the State treasury to aid various memorial associations throughout the State in caring for the graves of Confederate dead in the several cemeteries in different sections of the State, and among others had made annual appropriations to aid the Hollywood Memorial Association in caring for the graves of the dead Confederates in Hollywood cemetery, proceeded to make an appropriation of $8,000 to certain ladies as trustees, and charged them with the duty of securing and executing a contract with the Hollywood Cemetery Company binding that company to keep the graves of Confederate dead in the soldiers' section in Hollywood cemetery in "perpetual care," upon condition that the Commonwealth should be forever discharged from any further obligation to make any further appropriations to care for the graves of Confederate

soldiers buried there. This trust has been fully executed by the trustees, and the $8,000 paid over to the company. It claims that this fund constitutes a trust of which the State is the beneficial owner, and that, therefore, it is exempt from taxation.

We find it impossible to agree with this contention. The contract shows that the company has absolute title to this fund of $8,000. It may use it in the discretion of those in control of the company for any purpose authorized by its charter. It may certainly expend the principal in improving its own property, or in purchasing other land for enlarging the cemetery, and the record shows that such enlargement is in contemplation. This fund is liable to the debts of the company, and the Commonwealth has no title whatever thereto. We cannot distinguish between the title of the company thereto and its title to any of its other accumulated funds.

Hollywood cemetery is a sacred spot to the people of Virginia. It holds the dust of many of its heroes. The State has always been generous in providing the company with funds when they were needed to enable it properly to care for the graves of the Confederate soldiers buried there. It is doubtless true that had the matter been called to the attention of the last constitutional convention, all of its personal property would have been exempted, just as that of the Confederate Memorial Literary Society was exempted by clause (f) of section 183 of the Constitution. This court, however, is not permitted to indulge either its sentiment or sympathy for the purpose of relieving the company from the burden which the Constitution has clearly imposed upon it as well as upon the other owners of property in the Commonwealth. The taxing officials were compelled, in the performance of their duty, to make the assessment complained of, and the question has been rightly determined by the trial court.

*Affirmed.*