NOVEMBER 21, 1801.

# Hugh Forbes v. Robt. Hamilton.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Clark county.*

1. An attorney-at-law has no right to release errors on the record for his client unless specially authorized thereto by the client.

2. Upon the trial of a writ of error to reverse a common law judgment, the record of a suit in chancery, between the same parties, touching the same subject-matter, can not be introduced for the first time in the appellate court.

It appears very doubtful whether the release which is contended for by the defendant in this court ought to have any legal efficacy, because it does not certainly and satisfactorily appear to the court that the release was made by Forbes himself, and not by his attorney-at-law. The minute of the clerk, which can not be considered as a record, it being always entered in a very short way, and enlarged by the clerk from his recollection, when he makes up the record, states it is true that the complainant releases all errors, &c., but in the record made upon that minute, from the recollection of the clerk, no doubt, as in other cases, it appears that the complainant, by his counsel, released, &c. There being no law requiring a release of errors at the time the injunction in this case was granted, nor any rule of the court to that effect, the release must be considered as a voluntary relinquishment of a right, which, to have legal efficacy, should unequivocally appear to have been made either by Forbes himself, in proper person, or by some one legally authorized for the purpose. The validity of the release entered into the minutes appears more questionable, as, at the time it was done, there was no inducement to it, the injunction having been granted upward of eighteen months before, and the continuance entered immediately after the release, which was, in the argument, suggested as the consideration for it, being indispensably necessary, the answers, or any of them, not being then filed.

But admitting the release to have been regularly entered on the record, and to possess, in all respects, legal validity, yet, as there was no law requiring such a release as a prerequisite to the obtaining of an injunction, this court can not conceive how the record of the proceedings in a suit of chancery can be introduced, for any purpose whatever, upon the trial of a writ of error, to reverse a judgment at common law. The proceedings are distinct and separate; the records of those proceedings are so too, and therefore, to make use of either, upon the trial of the other, does not appear to be consistent with the act of assembly establishing this court.

The court, therefore, paying no regard to the record of the proceedings in chancery, have taken into consideration the record of

the proceedings in the suit at common law, in which there are the following errors, viz: 1st. There are no breaches assigned in the declaration, nor any filed prior to the execution of the writ of the inquiry. 2d. There is no copy of the bail bond returned to the clerk's office by the sheriff. For which errors, the court is of opinion, that the judgment aforesaid be reversed and set aside, that the cause be remanded to the court from whence it came for new proceedings to be had therein, to commence from the writ, and that the plaintiff recover of the defendant his costs in this behalf expended; which is ordered to be certified to the said court.