FANNIE C. WILLIAMS, BY NEXT FRIEND *v.* ELEANOR H. CARSON *et al.*

INSURANCE, LIFE. *Assignment of policy. During husband's life.* A husband who has taken out a policy of insurance on his own life, payable in the usual form to him, his executors, administrators and assigns may dispose of the same by will. The provisions of the Code, secs. 2294 and 2478, directing that such a policy shall survive to the benefit of the widow and children, and shall not be subject to the debts of the husband, only apply when the policy remains undisposed of by the husband in his life time.

Case cited: Rison *v.* Wilkerson. 3 Sneed, 569.

Code cited: Sections 2294, 2478.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court at Nashville. HON. W. F. COOPER, presiding.

SHACKELFORD & BRYAN for complainant.

R. McPHAIL SMITH for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill was demurred to in the court below, the demurrer sustained and the bill dismissed. The only question presented in the case is, whether a father, who has affected a life insurance on his own life, can dispose of the same by will, so as to defeat the claim of his widow and children, under sections 2294 and 2478 of the Code. These provide, the first, that " a life insurance, effected by a husband on his life,

shall inure to the benefit of the widow and next of kin, to be distributed, as personal property, free from the claims of creditors. The other section is, "any life insurance, effected by a husband on his own life, shall, in case of death, inure to the benefit of his wife and children, and the money arising shall be divided between them, according to the law of distributions, without being in any manner subject to the debts of the hnsband, whether by attachment, execution or otherwise." These two sections, the one found in our Code under title of Administration of Estates, and the other of Husband and Wife, are but the substance of the 3d section of the act of 1846, ch. 216, transferred into the Code. They were but intended to exclude creditors from reaching or appropriating the proceeds of such policies, and to provide for distribution between wife and children, but do not purport to nor intend in any way to interfere with the disposition of these policies by the husband in his life time, in any way he could change any other property.

This is the construction given to this very act by this court in the case of *Rison et al.* v. *Wilkerson & Co.*, 3 Sneed, 569, and which we hold to be unquestionably correct. The court say: "The wisdom and humanity of the law may be admitted, but surely it was not intended to divest the insured, while he lived, of the right of disposing of his own as he pleased, so as to bind those who might come after him and stand in his shoes." The court goes on to say, that the act only intended, and had no other object than

to prevent the fund from going into the hands of the administrator, preferring the widow and children to creditors. The principle thus announced is conclusive of the law. We think, as a matter of policy, it is the sounder view of the case, as it would tend to prevent husbands from thus investing their means, if they were thereby prevented from being able to dispose of them, with perfect freedom, either by ordinary transfer or by will, so as to meet the exigencies of business during life, or to adjust equitably the distribution of their property between wife and children after death by will.

Be this as it may, we are well satisfied to approve the principle announced in the above case and apply it to the case before us.

Affirm the decree below with costs.