ARTEMUS SAUNDERS *et al. v.* J. H. S. WOOLMAN & CO. *et al.*

REDEMPTION. *Co-tenants. Sale of land. Innocent purchasers. Estoppel.*
If an heir redeems land sold for debt of ancestor, he is presumed to
have redeemed for the benefit of all the heirs, and if he wrongfully
sells the same to an innocent purchaser, whereby the land is lost to
them, he will be compelled in equity to account. But the other heirs,
by clear and unequivocal acts, may estop themselves from asserting
this equity, as by consent, by refusing to join in the redemption, or
advising the heir who redeemed, to do so in his own name and for his
own benefit.

### FROM BENTON.

Appeal from the Chancery Court at Benton.
G. H. NIXON, Ch.

L. S. HAWKINS and W. F. MAIDEN for complainants.

H. M. McADOO for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by a part of the devisees, and
the heirs of others, of James Wiley, to assert a claim
to a tract of land.

The ground of the present claim is, that this land
was sold under a judgment against the heirs and de-
visees of said James Wiley, after his death, and pur-
chased by one Williams for upwards of $300; that
before the time of redemption expired, Victoria A.
Cooly, a daughter of said Wiley and one of his heirs
and devisees, redeemed the land from Williams, for

herself and the other heirs of said Wiley, and Williams relinquished all claim, and so it is said, the title again reverted to the heirs of said Wiley.

It is then charged that in March, 1877, Victoria Cooly and her husband sold this land to Woolman & Co., conveying it to them by deed. This conveyance is alleged to convey no title as against complainants. The specific prayer of the bill is for a removal of the cloud from their title, and an account of injury and waste done by defendants getting a large amount of tan-bark on the land, and for general relief.

Some other matters are charged in the bill as to invalidity of the sale, but need not be noticed, as they are not insisted on by counsel.

Woolman & Co. answer, and show themselves innocent purchasers for full consideration paid, their answer containing all the necessary facts to give them the benefit of this equitable defense. The case is made out in their favor on this ground, and the complainants entitled to no relief against the land in their hands.

The only question left in the case is, whether, on the facts charged in the bill, and under the issues tendered by the pleadings, the complainants who appealed are entitled to have an account of their share of the $1,200 received by Cooly and wife for the land, from Woolman & Co.

We take it, if the case is made out, that Cooly and wife held the land charged with a trust in favor of their co-heirs, the other children of James Wiley, by reason of having paid off Williams' debt—in sub-

stance redeeming it—though the transaction is not that in form; that if they afterwards sold it, and received the money and conveyed it in such manner as to defeat the title of the other parties, they might be compelled so to account. The principle of the case of *Coleman* v. *Satterfield et al.*, 2 Head, 260, would sustain such a decree. In that case, a party who had obtained a deed from a married woman by fraud, and had afterwards sold the land to an innocent purchaser, so that the wife was thereby defeated of her right to recover the land, was held to account to the wife for the value of the land. The ruling was put by the court on the ground, " that in consequence of the wrong of the party, the estate was irrecoverably lost to the complainant": *Ibid.*, 265. There can be no difference in principle between one who wrongfully obtains a title and then conveys to an innocent purchaser, thereby defeating a title, and one who makes a conveyance defeating in the first place.

Assuming the law to be as stated, the question is, was the land in the hands of Cooly and wife charged with a trust in favor of complainants, and were they entitled to assert a claim in equity as tenants in common to the same, under the facts shown in this case?

The fair result of our decisions is, that tenants in common, especially by descent, "are placed in a confidential relation to each other by operation of law, so that the same duties are imposed as if a joint trust had been created by contract between them, or by the act of a third party, so that ordinarily, nothing else appearing, each will be considered a trustee for the

others, and held not competent to acquire antagonistic rights in the common property as against the others": *Teasdale et al.* v. *Teasdale et al.,* 2 Sneed, 599. In case of the removal of an incumbrance, or perfecting the title, unless the contrary clearly appears, each is regarded as acting for all: *Ibid.,* 598. This is the general rule, and the one enforced by a court of equity.

But we do not understand this rule to go to the extent that the co tenants may not relinquish their equity, or by distinct, clear and unequivocal acts, estop themselves from asserting this equity, and this on the same principle that a man may waive or part with, or be estopped from asserting any other title he may have by law; and so it was held in the case of *Gentry et al.* v. *Gentry et al.,* 1 Sneed, 89, where an unequivocal disclaimer of the right was recognized as sufficient to conclude a co-tenant, although in that case the answer was not held to be sufficient. The principle, however, that the right might be waived or abandoned, was clearly recognized.

Applying these principles to this case, it clearly appears from the proof, that the time of redemption of this land lacked but three days of expiring, when Mrs. Cooly paid the money to Williams; that she had repeatedly urged her co-tenants to join her in redeeming the land, but that they declined, both from inabiility readily to raise the money, and from indisposition to do so at all, at the time believing the land was not worth more at least than Williams' debt, and that it would be a bad investment. They seem

to have repeatedly said to their sister, Mrs. Cooly, to buy the land, and if she could make anything out of it, it would be all right. They were present when she paid the money, and had the title of Williams assigned to her—knew it was to her alone and for herself, and not only made no objection, but assented to what was done. This state of things continued— Mrs. Cooly's title recognized by all, she paying taxes and holding the land by a tenant, no one ever pretending to contest or object to her claims, or share in paying the taxes—for about four years. About this time Cooly and wife sold to Woolman & Co., and then the parties changed all their views and filed this bill.

We think they are now estopped to set up the claim made in this bill, and the chancellor's decree dismissing the bill correct. If they have been deprived of their title by the sale and conveyance to Woolman & Co., and by the obtension of the title by Mrs. Cooly, it was all done by consent and active encouragement of complainants, or the result of such encouragement. They cannot now, when they see a chance for a profit, assert and maintain a title so long yielded, to the injury of parties who had been induced to act, upon a state of things entirely different.

Affirm the decree with costs.