WILLIAM B. CHRISMAN *v.* ANNIE P. CHRISMAN.

*(Nashville.* December Term, 1918.)

1. **WILLS.** Disposition of proceeds of life policy.

The proceeds of life policy payable to testator's estate did not pass under his will giving all his estate, both real and personal, to his wife to have and hold in her own right, but inured to the benefit of widow and only child of testator by former marriage as provided by Shannon's Code, sections 4030, 4231. (*Post, pp.* 427-429.)

Acts cited and construed: Acts 1845-46, ch. 216.

Cases cited and approved: Rison v. Wilkerson, 35 Tenn., 569; Williams v. Carson et al., 68 Tenn., 516; Nashville Trust Co. v. First National Bank, 123 Tenn., 617; Cooper v. Wright, 110 Tenn., 214; Rowlett v. Rowlett, 116 Tenn., 467.

Cases cited and distinguished: Harvey, Adm'r. v. Harrison, 89 Tenn., 476; Rose v. Wortham, 95 Tenn., 511.

2. **WILLS.** Disposition of proceeds of life policy.

To effectuate the clear intendment of Shannon's Code, sections 4030, 4231, and create the exemption· in favor of widow and children, the proceeds of insurance must take a different course from that of disposition by will, for so long as the same are incorporated in the assets of a deceased husband they remain liable to his debts and subject to the claims of creditors under section 3985. (*Post, pp.* 429, 430.)

Case cited and approved: Agee v. Saunders, 127 Tenn., 683.

3. **WILLS.** Disposition of proceeds of life policy. Intent.

Testator is presumed to have known the effect of Shannon's Code, sections 4030, 4231, relative to disposition of his life insurance, and, in the absence of his express ·intent to the contrary, the statutory provisions are effective, though it was wholly within his power to prevent application of the sections. (*Post, pp.* 430, 431.)

Code cited and construed:  Secs. 4030, 4231 (S.).

Chrisman v. Chrisman.

Appeal from the Chancery Court of Sumner County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. J. W. STOUT, Chancellor.

BASKERVILLE & McGLOTHLIN, for complainant.

WM. A. GUILD, for defendant.

MR. JUSTICE BACHMAN delivered the opinion of the Court.

E. E. Chrisman died in Sumner county, Tenn., March 9, 1907, leaving as his survivors Mrs. Annie P. Chrisman, his widow, the defendant herein, and one child, William B. Chrisman, a son by a former marriage, who instituted this suit in the chancery court of Sumner county on July 17, 1910.

The will of Mr. Chrisman is as follows:

"Gallatin, Tennessee, May 4, 1903.

"I, Ernest E. Chrisman, hereby make and publish my last will and testament, revoking and annulling any and all others heretofore made by me.

"To my wife, Annie Chrisman, I give and bequeath all of my estate, both real and personal, to have and to hold in her own name and right.

"I hereby appoint my wife, Annie Chrisman, as guardian of the person of my son, Will Chrisman, such guardianship to be absolute and without the advice or

interference of any other person. It is my desire that my friend, William A. Guild, be her legal counsel and adviser in such matters as his services may be needed.

"I hereby direct that if I should be the owner of the Semi-Weekly News at my death that it be sold at the earliest possible date.

"In giving all the property of which I am possessed to my wife, Annie Chrisman, I do so because of her love and affection for me, and believing she will use it as I would in caring for those I love.

"[Signed] ERNEST E. CHRISMAN."

The bill of complainant contended that the will constituted a trust in favor of the complainant and that he was entitled to a one-half interest in the estate, alleging that its net value was some $10,000; and further that the life insurance of his father was in terms payable to the deceased's estate, and that such insurance did not pass under the will, but under the statute hereinafter set out, the amount of the insurance being $2,464.67.

A demurrer to the bill was sustained by the chancellor, and upon appeal to the supreme court the same was reversed, and the case came on to be heard. In the answer filed by the defendant any trust was specifically denied. It was also denied that the complainant was entitled to receive any part of the proceeds of the life insurance of the deceased. It set out that when Mr. and Mrs. Chrisman were married the complainant was then a child of about four years; that he lived with the defendant and his father, and after the father's death remained with the defendant until the year 1909, when he left without her consent and contrary to her wishes. The answer further alleged that the estate of the deceased, including insurance, amounted to some

$6,000, and that the defendant had paid debts of the deceased amounting to $10,000.

Upon the hearing the chancellor dismissed the claims of the complainant in all respects except as to the proceeds of the policy of insurance, decreeing that the complainant was entitled to receive one-half of the same, amounting to $1,232.33, with interest from the date of the filing of the bill; the amount totaling $1,816.72. From this decree both complainant and defendant perfected appeals to the court of civil appeals which court affirmed the decree of the chancellor.

The case is before us upon petition for *certiorari* by the defendant widow, and the assignment of error here presents the one question: Did the proceeds of the policy of insurance of the life of the deceased pass under the terms of his will, or does it inure to the benefit of his widow and child, as provided in our statute?

Sections 4030 and 4231 of Shannon's Code are as follows:

"Sec. 4030. A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors."

"Sec. 4231. Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise."

These sections of the Code, being section 3 of chapter 216 of the Acts of 1845-46, have been construed by this

court in numerous cases wherein creditors have sought to have satisfaction of their claims out of the proceeds of life insurance, and it has been consistently held that the act in no wise limited the authority of the husband to control policies of insurance upon his life where the same are payable to his estate—such insurance is the property of the husband and subject to his disposition either during his lifetime or by will. *Rison* v. *Wilkerson,* 35 Tenn. (3 Sneed.), 569; *Williams* v. *Carson et al.,* 68 Tenn. (9 Baxt.), 516; *Nashville Trust Co.* v. *First National Bank,* 123 Tenn., 617, 134 S. W., 311.

It is likewise decided by our cases that, notwithstanding the absolute control and authority of the husband over policies of insurance on his life made payable to his estate, the proceeds of the same do not pass by will in the absence of the use of apt words used therein clearly indicative of such intention, but goes to those entitled, by virtue of the provisions of the statute referred to. *Cooper* v. *Wright,* 110 Tenn., 214, 75 S. W., 1049; *Rowlett* v. *Rowlett,* 116 Tenn., 467, 95 S. W., 821.

But it is contended on behalf of the defendant Mrs. Chrisman that the principle above announced is not applicable to the case under consideration for the reason that here no claims of creditors are involved, the contest being one between the widow and child of the deceased husband, and that the statute does not control and was not intended to apply in such cases. To determine this we must look to the purpose of the act and its effect when applied. Its purpose, as expressed in the case of *Harvey, Adm's,* v. *Harrison,* 89 Tenn., 476, 14 S. W., 1085, is as follows:

"The primary purpose of the act was to exempt life insurance from the claims of creditors, and this is

expressed in emphatic and conclusive language. The secondary purpose was to provide for the disposition of this fund. The words inserted for this subordinate intent, dissimilar from the primary object of the act, will not restrict the scope of the act in its main intent. The purpose of the enactment is clear, and this must guide in its application. It was to enable a husband or father to provide a fund after his death for his family."

Again, in *Rose* v. *Wortham*, 95 Tenn., 511, 32 S. W., 459, 30 L. R. A., 609, it is said:

"It was intended by the statute to provide a fund for the widow and children and next of kin, which, upon the assured's death, should go to them free from the claims of creditors, and, like other exemption laws, they have been liberally construed to carry out the general purpose."

The effect of the act in carrying out its obvious purpose is to remove and set apart, from the assets of the estate of the husband at the time of his death for the benefit of his widow and children, the proceeds of his life insurance, and to prevent such funds from passing into the hands of his executor or administrator. *Williams* v. *Carson et al.* and *Rison* v. *Wilkerson*, supra.

As stated in Pritchard on Wills, section 628, the effect of the statute is as follows:

"Its operation is to prefer the widow and children, or next of kin, to creditors, and to prevent the fund passing into the hands of the executor or administrator as assets for the payment of debts, and to require him to distribute it under the statute."

To effectuate the clear intendment of the act and create the exemption in favor of the widow and children, the proceeds of insurance must necessarily take a differ-

ent course from that of disposition by will; for, so long as the same are incorporated in the assets of a deceased husband, they remain liable to his debts and subject to the claims of creditors, as provided in section 3985, Shannon's Code, as follows:

"Every debtor's property, except such as may be specially exempt by law, is assets for the satisfaction of all his just debts."

This court has heretofore decided that a policy of insurance coming within the provisions of our statute herein considered is not to be considered as assets, but is exempt property out of which the year's support for a widow and her family cannot be set apart; the insurance fund, by the statute, is separated and divorced from the assets of the husband. *Agee* v. *Saunders,* 127 Tenn., 683, 157 S. W .64, 46 L. R. A. (N. S.), 788.

The case of *Weil* v. *Trafford,* 3 Tenn., Ch., 108, is urged upon us as opposed to our decision herein. This case was before the court in the case of *Cooper* v. *Wright,* supra, and was not approved. It is in conflict with the decision in *Agee* v. *Saunders,* supra, which, in our opinion, announces the correct effect of the statute and one to which we adhere.

In diverting the course of such funds, the statute provides that the same shall be divided between the the widow and children according to the law of distributions, and, while it is wholly within the power of the husband to prevent the application of the statute, such an intenton will not be presumed, but must appear from unmistakable terms—such is the substance of our holdings where claims of creditors are involved, and we can see no reason for the application of a different

principle in this case.  The testator is presumed to have known the effect of statutory provisions, relative to the disposition of his insurance, and, in the absence of his expressed intent to the contrary, the statute is effective.

The decree of the chancellor is affirmed.