UNITED STATES CASUALTY CO. *v.* STANDARD ACC. INS. CO.*

(*Nashville*, December Term, 1939.)

Opinion filed February 17, 1940.

---

*This case reprinted and annotated in 126 A. L. R. 876.

J. E. Travis and Joseph Higgins, both of Nashville, for appellant.

Trabue, Hume, Davis & Gale, of Nashville, for appellee.

Mr. Justice McKinney delivered the opinion of the Court.

■ By the bill complainant asks the court to declare its right to contribution from defendant when it satisfies an obligation for which it is alleged defendant is primarily liable, or at least jointly liable with it. Complainant does not ask for a money decree in this cause, and upon the theory of joint liability could not do so because, under its own statement, it has not paid its share of the obligation. 13 Am. Jur., pp. 10-11; Restatement of the Law of Restitution, section 82.

On October 28, 1936, Laurie O. Lundberg, while working as a plasterer on the Pearl High School Building in Nashville, fell from a scaffold and suffered injuries that rendered him totally and permanently disabled. Lundberg was a resident of Chicago, and was employed in that city by Goss & Guise, an Illinois corporation, to come to Nashville and do the work he was performing when injured. Goss & Guise for some years had taken contracts to do construction work in various States. At the time Lundberg was injured complainant was the compensation insurer of Goss & Guise, for all claims controlled by and enforceable under the provisions of the Illinois Workmen's Compensation Law (Smith-Hurd Stats. Ill., chapter 48, section 138 et seq.).

On July 16, 1937, Lundberg filed his application against his employer, Goss & Guise, with the Illinois Industrial

Commission at Chicago for compensation as the result of the injury referred to above. Complainant was not made a party to that proceeding. The application was resisted upon the ground that the Commission was without jurisdiction, for the reason that the case came within the provisions of the Tennessee Workmen's Compensation Act (Code 1932, section 6851 *et seq.*). This contention was overruled, and on April 27, 1938, petitioner was awarded compensation in the sum of $15 per week for a period of 266⅔ weeks, and thereafter an annual pension of $320, payable in twelve equal installments of $26.66 per month during life. This award was confirmed by the Superior Court of Cook County on November 9, 1938. Complainant alleges that upon said confirmation it began paying petitioner compensation, and at the time of the filing of the bill herein on April 21, 1939, had paid him $1,870.

██ We, of course, must give full faith and credit to this award, and are without authority to modify or set it aside.

When Goss & Guise came to Nashville to construct this school building it quite likely employed some local laborers to work on this project who would not be protected by the Illinois contract. In any event, Goss & Guise also qualified under the Tennessee Workmen's Compensation Act, with defendant as its insurer. When Lundberg was injured defendant assumed liability therefor, paid his medical and hospital bills, and also paid him compensation at the rate of $16 per week up to May 26, 1937, when Lundberg declined to accept further compensation from it.

The bill concedes that there are material differences between the provisions of the Illinois Act and the Tennessee Act. We quote from the bill the following: "For

example, it is possible that claimant may collect or receive under the Illinois statutes an amount as much as fifteen thousand dollars, whereas under the Tennessee statutes, the utmost he will receive will not exceed $7150. . . .

"The Tennessee Workmen's Compensation Act and that of the State of Illinois are quite distinct in many other particulars than those respecting benefits. For instance, with respect to building operations, the Illinois statute is compulsory, while the Tennessee statute is elective. There is also a difference in the use of terms defining employer and employee in that in the Tennessee statute the words with reference to an employer embraced anyone 'using the services of five persons or more'; and anyone serving with as many as four other persons is declared to be an employee. Code, section 6852. Whereas, under the Illinois Act [Smith-Hurd Stats. Ill., chapter 48, section 142] no one is an employee except by means of a contract. In Tennessee, the only means of enforcing payment against an unwilling employer is by means of a judicial proceeding, while such claims are adjusted by a body of Commissioners in the State of Illinois."

In view of the foregoing facts, we are of the opinion that Lundberg could have recovered either under the Illinois or the Tennessee law. This being true, in the event complainant satisfies the award adjudged against Goss & Guise, would it be entitled to contribution in some amount from defendant? The chancellor answered this question in the negative by dismissing the bill upon demurrer.

The well-recognized governing principle of law is stated in 13 Am. Jur., Contribution, pp., 12, 13, as follows:

"It is essential to the application of the principle of contribution that the party claiming contribution be in aequali jure with the others; the principle applies only in cases where the situations of the parties are equal, since equality among persons whose situations are not equal is not equitable. This requirement is satisfied and the situations. are deemed equal, so as to give rise to the subordinate or inchoate right or obligation of contribution, when the parties are under a common burden, obligation, or liability, regardless of whether such common burden is one assumed by the parties through contract, one resting on property and devolving on them as co-owners, one imposed by statute, or one which the law imposes equally on the parties in certain classes of cases as a result of their concurring acts or because of a community of risk. If the burden thus assumed or imposed is one which is common to all of the parties, it is immaterial whether there is a joint, several, or joint and several liability, whether it arises from the same or different instruments, whether it has been incurred at the same or different times, whether the parties knew of each other's engagements or not, whether their respective liabilities are in the same or different amounts, or whether some of the co-obligors were compensated (but not indemnified) and others assumed the obligation as an accommodation. Solidarity of obligation is not a prerequisite to the possession or exercise of the right to enforce contribution.

"It is clear from the foregoing propositions that whether or not a common burden, obligation, or liability devolves on the parties in the legal situation in question furnishes a test as to whether or not a right to contribution may accrue in favor of the claimant. If, as between the co-obligors, the claimant's obligation or liability is

primary and that of the defendant is only secondary, the former cannot have contribution; no right to contribution or obligation to contribute arises, as a general rule, between parties who are obligated, though to the same person or upon the same transaction, severally and successively, instead of equally under a common burden.''

■ The last clause in the foregoing statement has direct application to the cause under consideration. While complainant and defendant are obligated to the same corporation, Goss & Guise, upon the same transaction, that is, accidental injury to Lundberg, the obligation is several and successive and not equal under a common burden. Their obligations are entirely different due to the diverse provisions in the Illinois and the Tennessee acts. We have heretofore pointed out some of the differences. There are also many contingencies under these statutes in both States, such as death, marriage, increase or decrease of compensation; so that, as a practical proposition, the contribution recoverable under the theory of complainant could not be calculated with any degree of accuracy, which is not the case where the parties are jointly liable on a common burden, as would be the case where they are co-contractors, co-sureties, co-insurers on a fire policy, or joint tort-feasors. In this situation it cannot be said that complainant is *in aequali jure* with defendant.

We have been referred to only one decision that is directly in point, and that is the case of *Exchange Mut. Indemnity Co.* v. *Zurich General Accident, Fire & Life Ins. Co.*, decided by the Supreme Court of New York in 1924, reported in 122 Misc., 386, 202 N. Y. S., 720, and subsequently affirmed by the appellate division of that court and reported in 214 App. Div., 713, 209 N. Y. S., 830. That was a suit for contribution in which it was

claimed that the injured employee had a right to seek compensation either under the New York or the Connecticut law. He obtained compensation under the New York law and the plaintiff had been compelled to pay him under its policy, and thereupon brought suit against the insurer of his employer under the Connecticut law. In denying liability, the court said:

"It is doubtful if claimant could have succeeded in Connecticut. *Hopkins* v. *Matchless Metal Polish Co.*, 99 Conn., 457, 121 A., 828. Even if he could have, however, to justify contribution, the parties must be under a common burden or liability. 13 Corpus Juris, 822; *Andrews* v. *Murray*, 33 Barb. [N. Y.], 354; *Royster* v. *Roanoke Co.* (C. C.), 26 F., 492.

"While personal injury to an employee was one common element in fixing liability under the two policies, the differences in the statutes made the obligation of the two insurers essentially different and there can be no contribution."

■ Counsel for complainant invoke the following provision contained in both policies:

"If this Employer carries any other insurance covering a claim covered by this Policy, he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible insurance."

This section of the respective contracts undertakes to limit the liability of the insurers to the employer, and since the employer is not a party to this controversy the court will not construe it. It is sufficient to say that this is not a contractual limitation entered into by the parties hereto with respect to liability as between themselves.

■ Counsel for complainant ask for a declaration as to the right of defendant to recover from their client the

sums which it paid Lundberg. Defendant has asserted no claim for such reimbursement, as it could have done by filing a cross-bill herein; and since this court does not act in an advisory capacity, it will express no opinion with respect to this matter until a good faith contest is entered into.

The decree of the chancellor dismissing the bill is affirmed.