ADAMS *v.* GARRAWAY *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed June 27, 1942.

JOE NORVILLE, of Memphis, for appellant.

LINDSAY B. PHILLIPS, of Memphis, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The question is whether the will of Joseph L. Adams, Jr., deceased, contains apt words showing his intention that his life insurance, payable to his estate, constituted a fund in the hands of his personal representative for the payment of his debts. The chancellor answered this question in the affirmative and complainant has appealed to this court and assigned errors.

The will is as follows:

"My Will
Feb. 3 – 1941
5:45 AM

| Group Ins. | 3000 |
| P. Mutual  –s & d | 2000 |

If anything happens
to me

Give $500 to my son
J. G. Adams

Mrs. Ora Garraway,
the home, and
be appointed Admx
After paying my
bills to give as
follows
Miss Lillian
500. Simmons
C. Thorne & wife
$500.
Mrs. L. B. King $500
And the rest
for burial if
needed. Put
markers at Graves
St. Thomas
Church $200
and balance to
milk fund.

Joseph L. Adams, Jr.''

Section 8456 of the Code is as follows:

''Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband.''

In *Rose* v. *Wortham*, 95 Tenn., 505, 511, 32 S. W., 458, 459, 30 L. R. A., 609, it was said:

''It was intended by the statutes to provide a fund for the widow and children and next of kin, which, upon

the assured's death, should go to them free from the claims of creditors; and, like other exemption laws, they have been liberally construed to carry out the general purpose.''

■ ■ The insured may direct in the policy, or by assignment, or by his will or in some other mode, that other persons than his widow and children, or next of kin, shall be the benefactors thereunder. *Harvey, Adm'r* v. *Harrison,* 89 Tenn., 470, 14 S. W., 1083. But in order to do so, he must use apt words for that purpose and the use of general terms is not sufficient. *Cooper* v. *Wright,* 110 Tenn., 214, 75 S. W., 1049. As said in *American Trust Co.* v. *Sperry,* 157 Tenn., 43, 5 S. W. (2d), 957, 959, ''No such intention may be inferred from general expressions or provisions. Such a purpose 'must be explicitly declared.' '' And, ''Apt words must be used indicating, not an intention only to equalize the funds among this preferred class, his wife and children, but an intention to apply the funds to debts and expenses of his estate.''

In *Chrisman* v. *Chrisman,* 141 Tenn., 424, 430, 210 S. W., 783, 785, it was said:

''In diverting the course of such funds, the statute provides that the same shall be divided between the widow and children according to the law of distributions, and while it is wholly within the power of the husband to prevent the application of the statute, such an intention will not be presumed, but must appear from unmistakable terms—such is the substance of our holdings where claims of creditors are involved, . . . The testator is presumed to have known the effect of statutory provisions, relative to the disposition of his insurance, and, in the absence of his expressed intent to the contrary, the statute is effective.''

■ Does it appear from the will of Joseph L. Adams, Jr., deceased, that he by "apt words" and in "unmistakable terms" "explicitly declared" that persons other than his son, complainant here, shall be the beneficiaries of his insurance? We think not. It is true that the testator mentions his insurance in the will. It is true it is stated in the will that, "After paying my bills to give as follows." But he did not explicitly declare in his will that his bills and bequests were to be paid out of his insurance money.

We are constrained to reverse the decree of the trial court and to award complainant, sole heir-at-law of the deceased, a decree for the whole amount of the insurance involved. Complainant will pay the costs of the cause.