Lois Kathryn Frazier and Stan Leo Frazier, Minors by their Guardian Ad Litem, Walker Gwinn and Lois Proctor Frazier, Petitioners,

*v.*

Sarah R. Frazier, Executrix of Estate of Thomas E. Frazier, Deceased and Ellen Frazier, non compos mentis by her conservator John A. Frazier, Respondents.

430 S.W.2d 655.

(*Jackson*, April Term, 1968.)

Opinion filed June 21, 1968.

Petition for Rehearing Denied August 16, 1968.

706

WALKER GWINN, Memphis, for Lois Kathryn Frazier and Stan Lee Frazier, Minors.

MARVIN C. GOFF, JR., and WILLIAM E. WALSH, JR., Memphis, for Lois Proctor Frazier.

THOMAS F. TURLEY, JR., Memphis, for Sarah R. Frazier, Executrix.

VAL SANFORD, Nashville, for Ellen Frazier, etc.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an action to determine the proper disposition of insurance proceeds and certain items of other personal property in the Estate of Thomas E. Frazier, deceased. The decedent's mother, Sarah R. Frazier, is the executrix named in the will. She collected all the property of the estate and the sum of $138,752.12 in life insurance proceeds. Controversies having arisen, she instituted this will construction action in the Chancery Court of Shelby County. Named as defendants were the widow, Lois Proctor Frazier; the decedent's children, Lois Kathryn Frazier and Stan Lee Frazier; and the decedent's sister and executrix' daughter, Ellen Frazier. The Chancellor entered a decree in favor of the widow and children. The executrix and her daughter perfected an appeal to the Court of Appeals, Western Section. That Court reversed the lower court on the major points of contention. Thereafter, the widow and children petitioned this Court for writ of certiorari. The writ was granted and the case is now before us for review.

The decedent, Thomas E. Frazier, was a thirty-eight year old dentist, practicing in Memphis, Tennessee. At the time of his death, as a result of a private airplane crash on November 7, 1964, he was survived by his widow and two minor children, ages eleven and nine years. Dr. and Mrs. Frazier were married in 1951, while both were still in school. In March of 1956, the widow was graduated as a dental hygienist, and in December of that year, the decedent completed his course in dentistry. Mrs. Frazier worked with her husband for three years as a dental assistant and for four years as a dental hygienist in this clinic. From July, 1963 to July, 1964, she limited her activities to keeping books for the clinic. She never received a salary for her work, but it is quite apparent

that throughout the term of the marriage, she contributed meaningfully and substantially to the dental clinic.

The couple encountered marital difficulties and in July, 1964, the widow instituted a divorce action. To this, an answer and cross-bill had been prepared and proctored, but had not been filed at the date of decedent's death.

Respondent Ellen Frazier was approximately thirty-eight years old at the time of her brother's death. She has been afflicted with cerebral palsy, and requires constant nursing attention. It is not to be doubted that the decedent had an abiding interest in the welfare and comfort of his sister.

Shortly before his death, the decedent had accumulated $150,000.00 in face value of life insurance polices. Several changes in beneficiaries had been made through the years as additional insurance was acquired; but prior to October 3, 1964, the widow was the primary beneficiary of the proceeds of $102,000.00; the estate, or personal representative, of proceeds of $40,000.00; and the sister Ellen, of proceeds of $8,000.00. On October 3, 1964, Dr. Frazier instructed the Mutual Benefit Life Insurance Company to make all his policies payable, on his death, to his executors or administrators. On October 9, 1964, Dr. Frazier executed his will. The will named Dr. Frazier's mother as executrix and made her the trustee for a cash bequest of $20,000.00 to his sister Ellen, and also as trustee of the rest and residue of his estate for his minor children.

A policy loan was outstanding at the time of death; thus, the total amount of net proceeds was $138,752.12. It is agreed by all parties that if the insurance proceeds are not included in the estate, the estate is insolvent.

The Chancellor entered a decree on May 23, 1966, in which it was held (1) that the divorce proceedings had no effect upon Lois Proctor Frazier's legal rights as the decedent's widow; (2) that the decedent's will was not ambiguous and therefore extrinsic evidence was not admissible; (3) that the insurance proceeds passed to the widow and children under the provisions of T.C.A. sec. 56-1108, and not under the will; (4) that the balance in the joint bank accounts are the property of the surviving joint depositor, the widow, irrespective of the source of those funds; (5) that the widow was entitled to one-half of the proceeds of five $1,000.00 Giles County bearer bonds, purchased by Dr. Frazier by the use of funds in a joint bank account with the widow; (6) that the widow had a valid claim against the estate for one-half of the $20,693.35 still due and payable at Dr. Frazier's death on the promissory note secured by a mortgage on the residence owned by Dr. and Mrs. Frazier as tenants by the entireties.

In reviewing the decision of the Chancellor, the Court of Appeals found error in his rulings concerning (1) the disposition of the insurance proceeds; (2) the decision to reject extrinsic evidence in the process of construing the will; (3) the disposition of the bearer bonds, and certain other personal property; (4) the manner in which contribution on a promissory note was allowed as a claim on the estate. The Court of Appeals further found that the claim of the executrix for allowance for probating this will and conducting the litigation constitute a valid claim against the estate, superior to the marital rights of the widow.

The assignments of error of the petitioners will be considered separately, but they basically deal with those

rulings of the Court of Appeals which reversed the Chancellor. No review is here sought by the executrix or the sister, Ellen Frazier, of certain things assigned as error in the Court of Appeals but rejected by that Court. They will not be further alluded to.

It can be said that the primary question for decision in this Court is whether or not the insurance proceeds pass to the widow and children under the provisions of T.C.A. sec. 56-1108; or whether such proceeds are to be regarded as passing as part of the testator's net estate by virtue of the terms of his will.

The statute now codified as T.C.A. sec. 56-1108 is not new in Tennessee jurisprudence. This statute has been interpreted and applied by the Court on many occasions. The statute provides:

"56-1108. *Insurance on husband's life, effected by himself, goes to wife and children.*—Any life insurance effected by a husband on his own life, shall in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband. (Code 1858, sec. 2478 (deriv. Acts 1845-1846, ch. 216, sec. 3); Shan., sec. 4231; Code 1932, sec. 8456.)"

The early cases applying this statute involve situations where creditors sought satisfaction of their claims out of the proceeds of life insurance. They are not apposite.

█ It has been consistently held that this Act does not limit the authority of the husband to control devolution of the proceeds of policies of insurance upon his life. During his life the policies are his property and subject to his disposition. *Rison v. Wilkerson* (1856) 35 Tenn. 305. Also,

disposition at variance with the statute may be made by will. *Williams v. Corson* (1875) 2 Tenn.Ch. 269; *Williams v. Carson* (1876) 68 Tenn. 516; *Chrisman v. Chrisman* (1918) 141 Tenn. 424, 210 S.W. 783; *American Trust & Banking Co. v. Twinam* (1948) 187 Tenn. 570, 216 S.W.2d 314.

██ As stated, although the husband has absolute control and authority over policies of insurance made payable to his executors and administrators, and thus to his estate, this Court has consistently ruled that the proceeds will not pass by the will, in derogation of the statute, in the absence of use of apt words or unmistakable terms evincing a clear intention that such proceeds of the insurance pass by the will. *Cooper v. Wright* (1903) 110 Tenn. 214, 75 S.W. 1049; *Chrisman v. Chrisman,* supra; *Adams v. Garraway* (1942) 179 Tenn. 93, 162 S.W.2d 1086; *American Trust & Banking Co. v. Twinam,* supra.

The Court of Appeals accepted the reasoning of the executrix that the lower court should have regarded the statute as a rule of construction which would yield to principles of justice and equity. In this connection it is argued that the intention of the insured to pass the proceeds of the policies by his will, in derogation of the statutory provision, should be derived from extrinsic facts and circumstances indicative of such intention. The Court of Appeals said:

"On authority of *Waldrum v. Waldrum,* the Chancellor held in the instant case, the testator's intention to the contrary was immaterial; and he excluded testimony showing the intention of the testator on the ground that the will was not ambiguous. In our opinion, he erred in so ruling; because he should have admitted such testi-

mony for the purpose of placing himself, in construing the will, as nearly as possible, in the situation of the testator when making the will.''

* * * * * *

''We think the Chancellor should have heard and considered proof which 'shows the state of facts under which the will was made.'

In any event, the rule that, in the absence of apt language, life insurance does not pass under the provisions of a will, is, in our opinion, a rule of construction and not a rule of property, and should in the instant case yield to principles and justice and equity.''

The extrinsic evidence excluded by the Chancellor relates to the testimony of Dr. Frazier's insurance agent, who conferred with Dr. Frazier at the time the beneficiaries of the policies were changed for the last time; and that of another insurance agent who, as a licensed attorney, drew the will for Dr. Frazier. It is readily evident from reading the will that no mention is made of the insurance policies. Certainly, it cannot be said that apt words, or any words, indicate an intention to eliminate application of the statute.

In conclusion of this phase of the instant case, we again say, with all the clarity at our command, that T.C.A. sec. 56-1108 is not a rule of construction. It is a mandate from the Legislature, directing the payment of insurance proceeds. This statute is a rule of devolution of intangible personal property of the character therein mentioned. As pointed out before, the statute in nowise impairs the capacity of the insured to direct the proceeds of insurance upon his life as he wishes. The decision of the Court of Appeals in this regard is erroneous; and that of the Chancellor is correct.

■■ The Chancellor properly excluded the extrinsic evidence offered to show intention of the testator under the will. He correctly applied the rule that, since the decedent's will was not ambiguous, there was no basis for receiving extrinsic evidence of some unfulfilled intention.

The next assignment of error concerns disposition of the five $1,000.00 Giles County bonds. The bonds were purchased by Dr. Frazier in July, 1964, in his name alone. At that time, Dr. Frazier withdrew $4,500.00 from the joint savings account in the name of himself and Mrs. Frazier. The Chancellor found "that the five (5) $1,000.00 Giles County 'bearer' bonds purchased by decedent and which were at his death, and are now, in the safety deposit box at Colonial Branch of Union Planters National Bank, were purchased by the decedent from funds in a joint bank account and that defendant Lois Proctor Frazier, as the other joint depositor, is entitled to one-half the proceeds of those bonds; * * *''

The Court of Appeals reversed this holding of the Chancellor. That Court took the view that the presumption of legal title to bonds payable to bearer which arises from possession was not adequately rebutted in the instant case; nor did the proof establish a tenancy by the entireties as to this item of personal property.

It is obvious from the record that Mrs. Frazier had assisted her husband in his dental practice in various capacities since its commencement in December, 1956. She was never paid a salary for this work. Funds derived from the dental clinic were deposited in joint bank accounts in the name of the decedent or Mrs. Frazier. The funds used to purchase the bearer bonds were taken from their joint savings account.

The widow urges that the Chancellor could and should have found that the bonds were owned by her and her husband as tenants by the entireties and at his death passed to her by operation of law. The Chancellor, however, found them to be joint depositors and that she was entitled to one-half the proceeds of those bonds. We are of opinion, and so hold, that the Chancellor was incorrect in allowing the widow only one-half of these Giles County bonds, as the proceeds of a savings account owned by husband and wife. The Court of Appeals was in error in holding that the widow took no interest in such bonds. There is no reason to doubt that a presumption of ownership of these bearer bonds arose by virtue of the provision of the statutes on negotiable instruments. However, this is not at all to say that this presumptive ownership in Dr. Frazier would, in anywise, serve to emasculate the beneficial interest of the wife, Mrs. Frazier, his co-tenant of the source of these bonds. In this regard, see *Saunders v. Woolman & Co.* (1881) 75 Tenn. 300, and other similar cases digested in 9 Michie's Digest of Tennessee Reports, 485. We thus determine and hold that both of the courts below erred; and that Mrs. Frazier is the owner of all interest in the bonds by virtue of survivorship.

The widow next asserts that the Court of Appeals erred in its ruling regarding her request for contribution on a note signed by her and Dr. Frazier, secured by a mortgage on their residence. The Chancellor held that the property was owned by them as tenants by the entireties and that the widow was entitled to contribution for one-half of that indebtedness. He thus allowed her a valid claim, in praesenti, against the estate for that amount.

The Court of Appeals sustained the ruling of the Chancellor only to the extent that Mrs. Frazier had paid on the notes since Dr. Frazier's death, or which she might continue to pay as long as she owned the property. To that extent, only, was the estate of Dr. Frazier to be held liable to the widow for contribution.

 It has long been held by this Court that one party seeking "contribution" against another cannot recover until payment of more than his share of the joint obligation. *United States Cas. Co. v. Std. Acc. Ins. Co.* (1940) 175 Tenn. 559, 136 S.W.2d 504, 126 A.L.R. 876. In the last analysis, the obligation here dealt with is that of two persons jointly liable on a promissory note. The rule is, as we understand it, that neither party is liable over for "contribution", or exoneration as it is sometimes referred to in the negotiable instruments law, until and unless the party seeking same has paid in excess of his share of the entire promissory obligation. It results that both the courts below were in error and the ruling in this regard is reversed. When and if the condition to the right of either subrogation or exoneration accrues, then that will be a different question for another day.

Regarding the disposition of certain household furnishings and personal items, the Chancellor decreed that "entitlement to the various articles of tangible personalty in the residence and the dental clinic at 4608 Quince Road, Memphis, and what part of those articles are exempt property under the provisions of 30 T.C.A. 807 and 26 T.C.A. 201, should be referred to the Master for determination." Accordingly, the Chancellor ordered "that the Master determine on reference and report within a reasonable time the issues as to entitlement to the various articles of tangible personalty in the residence

and the dental clinic and also what portions thereof are exempt property within the meaning of 26 T.C.A. 201 and 30 T.C.A. 807, including the fair market value at the time of decedent's death of such articles as the Master finds and determines were exempt property.''

■ An assignment of error raised a question as to disposition of these personal items. The appeal was premature with respect to these items. We have no way of knowing, and neither did the Court of Appeals, in just what posture these items might be when and if they are timely brought up for appellate review. The decision of the Court of Appeals in this regard is erroneous.

■ The widow lastly contends that the Court of Appeals erred in holding that the marital rights of the widow in the estate should be made inferior to the claims of the executrix, including attorneys' fees. This holding of the Court of Appeals dealt only with the claim of the executrix for costs and expenses of administration, including counsel fees incurred in presenting the controversies involved for judicial disposition. It in nowise involves any subordination of rights under the code sections mentioned to claims of creditors. With this modification, the case will be remanded for appropriate fixing and payment of costs and expenses of administration as stated above.

The decision of the Court of Appeals is modified in part and reversed in part. The cause is remanded to the Chancery Court of Shelby County, Tennessee, for conclusion of the litigation and administration of the Estate of Dr. Thomas E. Frazier, in accordance with this opinion. The costs of appellate review are adjudged against the respondent Sarah R. Frazier, Executrix.

Costs of the Chancery Court shall abide disposition by that court.

BURNETT, CHIEF JUSTICE, DYER and HUMPHREYS, JUSTICES, and SENTER, SPECIAL JUSTICE, concur.

## Opinion on Petition to Rehear

MR. JUSTICE CRESON.

In this case we have been presented with a petition to rehear which seeks some "clarification" of our original opinion with respect to what funds, devolving upon the death of Dr. Frazier, are to be considered as part of the estate administered.

We thought at the time of our original opinion, and think now, that every question ripe for decision at that time was disposed of. It is sufficient to say that we are fully satisfied with the former opinion.

Petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and DYER and HUMPHREYS, JUSTICES, and SENTER, SPECIAL JUSTICE, concur.