**FEDERAL INSURANCE COMPANY et al., Plaintiffs,**

v.

**Annie Laurie Daniel QUINT et al., Defendants.**

**Civ. A. No. 2506.**

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 4, 1970.

Ernest F. Smith, Kingsport, Tenn., Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, Tenn., Shanley .& Fisher, Newark, N. J., of counsel, for plaintiffs.

Jack Raulston, Kingsport, Tenn. (T. W. Overall, Greeneville, Tenn., Guardian ad Litem for minor defendant), for defendants.

NEESE, District Judge.

MEMORANDUM OPINION AND ORDER

This is an original civil action of interpleader by the Federal Insurance Company and its insureds, The Pittston Company and The Pittston Clinchfield Coal Sales Corporation, which had in their custody or possession prior to its commencement, $25,000, the amount due under the former's policy of insurance

no. CHL 1–25745 issued to its coplaintiffs for the death of Robert J. Quint, a member of the crew, resulting from the crash of Jet Commander aircraft no. N–236JP, near Rural Retreat, Virginia on October 31, 1969. 28 U.S.C. § 1335(a). The defendants Mrs. Annie Laurie Daniel Quint, the widow of the aforenamed Mr. Quint and a citizen of Tennessee, and Robert Joseph Quint, Jr., his minor son, a citizen of Georgia, 28 U.S.C. 1332(a)(1), are claiming to be entitled to such money. 28 U.S.C. § 1335(a)(1). The claimant Mrs. Quint resides in the judicial district of the United States in which this action was brought. 28 U.S. C. § 1397.

The plaintiffs have deposited such money into the registry of this Court, here to abide the judgment of this Court. 28 U.S.C. § 1335(a)(2). This Court issued its process for the aforenamed defendants as well as for the defendants Marilyn Diane Quint, the daughter of the aforenamed Mr. Quint, and Steven Robert Quint and David Peter Quint, the sons of the aforenamed Mr. Quint, and entered its order on March 24, 1970, restraining all the defendants from instituting or prosecuting any proceeding in any state or United States court, affecting the aforementioned policy. 28 U.S. C. § 2361. Such process and order were served by the United States marshals for the respective districts on each named defendant and were returnable 20 days after service of the respective summonses. *Idem.*

The defendant Mrs. Quint moved the Court on May 5, 1970 without supporting affidavits for a partial summary judgment in her favor on the aforementioned adverse claims. Rule 56(b), Federal Rules of Civil Procedure. The plaintiffs moved the Court without supporting affidavits on May 6, 1970, after the expiration of more than 20 days from the commencement of this action, for a partial summary judgment in their favor upon the interpleading of the fund. Rule 56(a), Federal Rules of Civil Pro-

cedure. The judgments thus sought are to be rendered forthwith if the pleadings and admissions on file show that there is no genuine issue as to any material fact and that such moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

It is admitted by the defendant Mrs. Quint and Thomas W. Overall, Esq., as guardian ad litem for the minor defendant Robert Joseph Quint, Jr., that the net proceeds of the interpleaded fund are payable under T.C.A. § 56–1108, which provides as follows:

> * * * Any life insurance effected by a husband [1] on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband. Provided, however, that any life insurance proceeds payable to the testate estate shall pass under the dispositive provisions of the will, but shall not be subject to the debts of the husband unless specifically charged therewith in the will.

It is undisputed that the will of Mr. Quint did not mention the insurance fund here at issue, but left to Mrs. Quint, if she survived the testator 30 days (which, it is undisputed, she did), all his property over which he had testamentary control " * * * or to which I may be in any way entitled * * * ". As said by the Tennessee Supreme Court:

> * * * * * *
>
> It can be said that the primary question for decision in this Court is whether * * * the insurance proceeds pass to the widow and children under the provisions of T.C.A. § 56–1108; or whether such proceeds are to be regarded as passing as part of the testator's estate by virtue of the terms of his will.

---

1. Note: This Court proceeds on the assumption that, in effecting his employment

with its emoluments, Mr. Quint effected this insurance upon his own life.

The statute now codified as T.C.A. § 56–1108 is not new in Tennessee jurisprudence. This statute has been interpreted and applied by the Court on many occasions. The statute provides:

"56–1108. *Insurance on husband's life, effected by himself, goes to wife and children.*—Any insurance effected by a husband on his own life, shall in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband. (Code 1858, § 2478 (deriv. Acts 1845–1846, ch. 216, § 3); Shan., § 4231; Code 1932, § 8456.)"[2]

\* \* \* \* \* \*

It has been consistently held that this Act does not limit the authority of the husband to control devolution of the proceeds of policies of life insurance upon his life. During his life the policies are his property and subject to his disposition. Rison v. Wilkerson (1856), 35 Tenn. 565. Also, disposition at variance with the statute may be made by will. Williams v. Corson (1875) 2 Tenn.Ch. 269; Williams v. Carson (1876) 68 Tenn. 516; Chrisman v. Chrisman (1918) 141 Tenn. 424, 210 S.W. 783; American Trust & Banking Co. v. Twinam (1948) 187 Tenn. 570, 216 S.W.2d 314.

▮ As stated, although the husband has absolute control and authority over policies of insurance made payable to his executors and administrators, and thus to his estate, this Court has consistently ruled that the proceeds will not pass by the will in derogation of the statute, in the absence of use of apt words or unmistakable terms evincing a clear intention that such proceeds of the insurance will pass by the will. Cooper v. Wright (1903) 110 Tenn. 214, 75 S.W. 1049; Chrisman v. Chrisman, supra; Adams v. Garraway (1942) 179 Tenn. 93, 162

S.W.2d 1086; American Trust & Bank Co. v. Twinam, supra.

\* \* \* \* \* \*

\* \* \* It is readily evident from reading the will that no mention is made of the insurance policies. Certainly, it cannot be said that apt words, or any words, indicate an intention to eliminate application of the statute.

▮ \* \* \* [W]e again say, with all the clarity at our command, that T.C.A. § 56–1108 is not a rule of construction. It is a mandate from the Legislature, directing the payment of insurance proceeds. This statute is a rule of devolution of intangible personal property of the character therein mentioned. \* \* \* [T]he statute in no wise impairs the capacity of the insured to direct the proceeds of insurance upon his life as he wishes.
\* \* \*

Frazier v. Frazier (1968), 221 Tenn. 705, 430 S.W.2d 655, 657–659.

Where the will of a deceased husband did not mention insurance, it was held that the proceeds of his insurance were not a part of his estate, although such insurance was the property of the husband and subject to his disposition, either during his lifetime or by will. American Trust & Banking Co. v. Twinam, *supra.* Where a testator devised and bequeathed " \* \* \* all of my estate, both real and personal \* \* \*" to his wife, it was held that his insurance was not a part of his estate and passed to his widow and child under the statute, rather than to his widow alone under his will. Chrisman v. Chrisman, *supra.* " \* \* \* The rationale of this holding was that [the] testator was presumed to know of the statute and, in the absence of 'apt words' to remove the insurance from the control of the statute and place it in his estate, such an intent would not be presumed. \* \* \*" In re Estate of Bruce, C.A.Tenn. (1968), 58 Tenn.App. 435, 430 S.W.2d 884, 886, certiorari denied (1968). Until the 1969 amendment, *supra,* it is clear that a will,

2. The last sentence of T.C.A. § 56–1108, *supra,* was added by Acts of 1969, ch. 233, § 1, subsequent to this decision by the Tennessee Supreme Court.

which merely directed the prompt payment of all of testator's debts, and provided that, after the discharge of those obligations, all the rest of his property would go to his wife, but failed in any manner by apt words or otherwise to refer to any policy of insurance on his life, did not subject the proceeds of a policy on his life payable to his personal representatives to disposition under the will. See in addition to the foregoing authorities cited: American Trust Co. v. Sperry (1928), 157 Tenn. 43, 5 S.W.2d 957; Waldrum v. Waldrum, C.A.Tenn. (1931), 14 Tenn.App. 342; Gamble v. Fulton (1933), 166 Tenn. 66, 59 S.W.2d 504.

It was clearly the intention of the testator Mr. Quint that all property over which he had testamentary control, or to which he might be in any way entitled, should pass to his wife, if she survived him for as much as 30 days. He expressed full confidence that she would use the proceeds of his estate to provide for their dependent children, as she might determine to be in their best interests in the same manner as he would, if living, but specified that this expression of confidence was not a qualification upon his bequest and did not impress the bequest with a constructive trust. Such bequest was made "* * * absolute and free of all restrictions. * * * *"

Mr. Quint might have bequeathed the proceeds of the insurance effected on his life by the dispositive provisions of his will in 1958, but he made no mention of life insurance in his will which would have resulted in its disposition at his death other than under T.C.A. § 56–1108. The proceeds of the insurance policy never became a part of his testate estate; they inured directly, at his death, to the benefit of his widow and children.

The language of the sentence the General Assembly of Tennessee added to T.C.A. § 56–1108 in 1969 is: "* * * Provided, however, that any life insurance proceeds payable to the testate estate shall pass under the dispositive provisions of the will, but shall not be subject to the debts of the husband unless specifically charged therewith in the will. * * * *" So far as this Court is advised there has been no rule of decision on this amendatory language by the appellate courts of Tennessee, 28 U.S.C. § 1652, so this is a matter of first impression. However, the intention of the Tennessee legislature in adding this amendatory language is clear. Before such amendment, all life insurance effected by a husband on his own life inured, at his death, to the benefit of his widow and children, and all money thence arising was to be divided between or among them according to the statutes of distribution, without being subject in any manner to the debts of the husband. This did not limit, however, the husband's devolution of proceeds of life insurance upon his life in derogation of, and at variance with, T.C.A. § 56–1108. If, however, he did not do that, but allowed the statute to operate, its effect was to prevent proceeds of policies, payable to his estate or his personal representative, "* * * 'from passing into the hands of the administrator [or executor] with the other effects of the insured, in favor of the widow and children.' * * * *" Amer. Nat. Bank and Trust Co. of Chattanooga v. MacFarland (1961), 209 Tenn. 263, 269–270 [4], 352 S.W.2d 441, 444. While the executrix of Mr. Quint's will might have collected at his death the proceeds of this life insurance policy effected on his life, she would have acted "* * * as a mere conduit to pass [them] to the statutory beneficiaries free from the claims against the estate. * * * *" Wolfe v. Mid-Continental Corporation (1968), Tenn., 435 S.W.2d 836, 841 [9]. As was written by former Chief Justice Burnett,[3]

3. This distinguished jurist also found this "* * * one of the most interesting lawsuits the writer has worked on in a period of years * * *." Ibid., 435 S.W.2d at 842.

*  *  *  [T]he primary purpose of the act was to enable a man to provide a fund for his wife and children, exempt from his creditors' claims, for their benefit after his death, that is, his wife and children, and the creditors have no concern in the details of the distribution among the wife and children of the funds derived from his life insurance unless by apt words a clear intention is disclosed on the part of the insured to subject his life insurance to the payment of debts and expenses of the estate.

*Ibid.*, 435 S.W.2d at 841 [8].

If, in derogation of, and at variance with T.C.A. § 56–1108, a testator caused life insurance proceeds to be payable to his testate estate, although such proceeds passed under the dispositive provisions of the will, they were subject to the debts of the husband.

The General Assembly of Tennessee apparently intended to extend this devolutionary statute, so as to provide a further condition, to the effect that, if a husband caused life insurance proceeds effected on his own life to be payable to his testate estate, the proceeds thereof would pass under the dispositive provisions of the will, but would not, in that event, be subject to the debts of the husband or the expenses of the estate, unless the husband, in disposing of such proceeds, specifically provided that such proceeds would be thus subject. The insistent language hereinabove employed by Mr. Justice Creson for the Tennessee Supreme Court, in stating with such great clarity, the effect, before the 1969 amendment, of T.C.A. § 56–1108 on the distribution of proceeds of life insurance policies effected by the husband on his own life, *supra*, indicates strongly to this Court that such would be the interpretation placed upon the statute by the appellate courts of Tennessee.

No material fact is at genuine issue herein. As matters of law, the claimant Mrs. Quint is not entitled to a partial summary judgment in favor of her contention, and the interpleading parties are entitled to a partial summary judgment. Rules 56(c), (d), Federal Rules of Civil Procedure. Accordingly, the motion of the defendant Mrs. Quint for a partial summary judgment in favor of her claim hereby is denied.

It hereby is summarily

Ordered that the plaintiffs Federal Insurance Company and its insureds, The Pittston Company and The Pittston Clinchfield Coal Sales Corporation are discharged from any further liability under the former's policy no. CHL 1–25745 on the life of Robert J. Quint; further

Ordered that each of the defendants Annie Laurie Daniel Quint, Marilyn Diane Quint, Steven Robert Quint, David Peter Quint, Robert Joseph Quint, Jr., and the latter's guardian ad litem herein, is prohibited from prosecuting against any plaintiff herein any claim under the aforedescribed policy for the death of Robert J. Quint, a crew member of Jet Commander aircraft no. N–236JP, resulting from its crash near Rural Retreat, Virginia on October 31, 1969; and

Adjudged and further Ordered that the net proceeds of the money arising from the aforedescribed policy, now on deposit in the registry of this Court, became payable to, and shall be divided among, the defendants according to the Tennessee statutes of distribution, without being in any manner subject to the debts of Robert J. Quint, their decedent; further

Adjudged that the Tennessee statute of distribution under the provisions of which such net proceeds became payable and shall be divided is T.C.A. § 31–201 (1);

Adjudged, subject to any objection from any party in interest filed with the clerk within 20 days herefrom, that the fair and reasonable compensation for the services of the guardian ad litem herein is two hundred, fifty dollars ($250); further,

Ordered, in the absence of any such objection within such time, that the clerk pay from the aforementioned fund to the order of T. W. Overall, Esq. the sum of

two hundred, fifty dollars ($250) as the fee for his services herein to the minor defendant Robert James Quint, Jr.; further

Ordered that, thereafter, the clerk pay from the remainder of the aforementioned fund to the respective orders of:

—Annie Laurie Daniel Quint, the sum of four-thousand, nine-hundred, fifty dollars ($4,950);

—Marilyn Diane Quint, the sum of four-thousand, nine-hundred, fifty dollars ($4,950);

—Steven Robert Quint, the sum of four-thousand, nine-hundred, fifty dollars ($4,950);

—David Peter Quint, the sum of four-thousand, nine-hundred, fifty dollars ($4,950); and,

—the duly appointed and qualified guardian of Robert Joseph Quint, Jr., for his use and benefit, the sum of four-thousand, nine-hundred, fifty dollars ($4,950); and further

Ordered that the clerk tax the costs hereof against the plaintiff Federal Insurance Company.