348

WILLIAM B. WOLFE, JR., TERESA WOLFE, ELIZABETH WOLFE, JAMES WOLFE, THOMAS WOLFE, and CATHERINE WOLFE, Minors

*v.*

MID-CONTINENT CORPORATION and the Estate of WILLIAM B. WOLFE, Deceased.

435 S.W.2d 836.

(*Jackson,* April Term, 1968.)

Opinion filed December 20, 1968.

GEORGE E. MORROW and JAMES C. WARNER, Memphis, of counsel, MARTIN, TATE & MORROW, Memphis, for appellants.

DONALD A. MALMO, Memphis, of counsel, HEISKELL, DONELSON, ADAMS, WILLIAMS & WALL, Memphis, for appellee, Mid-Continent.

W. L. NICHOL, IV, Memphis, of counsel, EVANS, PETREE, COBB & EDWARDS, Memphis, for appellee, Executor.

Mr. Chief Justice Burnett delivered the opinion of the Court.

William B. Wolfe and his wife were killed simultaneously in an automobile accident in 1961, leaving six minor children. Wolfe had some four or five insurance policies on his life which totaled in excess of $84,000.00 and which were payable to his children. Although the estate was insolvent it consisted of some $10,000.00 or $15,000.00 in assets which was enough to pay the death taxes and other taxes and certain administration expenses, but was not sufficient to pay all creditors. As a result of this Mid-Continent Corporation, a creditor, filed the original action herein in the Probate Court against the minor children seeking to recover in excess of $5,000.-

00 which had been paid by the Executor for death taxes on the theory that it had a right to file such a petition pursuant to T.C.A. secs. 30-1117 and 30-1118, which constitute the proration statute for the allocation of Federal Estate taxes among the beneficiaries of an estate.

The Executor filed an answer and cross-petition against these same minors likewise requesting that the death taxes be allocated and paid to the Executor so that he could discharge his obligation to creditors. To this action as brought by the creditor and the Executor the guardians of the minor children demurred and answered together relying on the grounds that the proration statute conferred no jurisdiction upon the Probate Court to entertain a suit by a creditor or by an Executor on behalf of general creditors to recover non-probate assets from the beneficiaries of an estate; and on the further ground that the assets sought to be recovered in this action and cross-action against these minors was for the benefit of creditors and that said minors from the insurance money they would receive under these policies were expressly exempt from the claims of creditors of their father's estate.

The matter was heard upon the pleadings and stipulations of fact, and a final judgment entered against the guardians of the minors to pay the Executor $5,446.78 "in order that the Executor may use such funds for the payment of the outstanding debts of the estate of William B. Wolfe, deceased."

There are three assignments of error, but we will not take these up seriatim but in the course of this opinion will answer all questions.

■ ▮▮▮▮ First, we should take up the question of the jurisdiction of the Probate Court to entertain a petition of the kind under T.C.A. secs. 30-1117 and 30-1118. It is our judgment that such a petition may not be brought for the benefit of the creditors of the estate but it may and is properly brought by an Executor to get from those receiving insurance, as these minors did here, the amount that they might owe the estate for Federal Estate and Tennessee Inheritance Taxes. The primary liability for the payment of both such taxes is on the Executor who must pay these taxes out of the assets at his hands prior to the payment of the debts of the estate. I.R.C. sec. 3467; T.C.A. secs. 30-520, 30-1634. Such taxes may be apportioned among the beneficiaries from any exemptions or deductions and from persons receiving the property. See Phillips' Pritchard Law of Wills, Vol. 2, sec. 932. In this section the writer says:

> "The Internal Revenue Code expressly provides that, *unless the decedent otherwise directs by his will,* the executor may recover from life insurance beneficiaries and persons receiving property by reason of the exercise, nonexercise or release of a power of appointment for their prorata part of the tax." (Emphasis supplied.)

The statute under which proration here is sought is T.C.A. 30-1117 and which reads in part:

> *"Federal estate taxes to be prorated equitably among beneficiaries and persons interested in estate.*—Whenever the personal representative of an estate has paid an estate or death tax to the government of the United States * * * the amount of the tax so paid, *except in a case where a testator otherwise directs in his will,* shall

be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. * * *'' (Emphasis supplied.)

In the second paragraph of this statute we find this phrase again wherein it is said:

"So far as is practicable, *and unless otherwise directed by the will of the decedent,* the tax shall be paid by the personal representative, as such, out of the estate before its distribution. * * *'' (Emphasis supplied.)

The following Section of the Code, T.C.A. sec. 30-1118, prescribes the procedure for the adjudication with reference to such allocation. Such procedure was followed herein, and so far as the Executor is concerned, if his purpose was merely to get the tax owed from these children, then we think that this statutory procedure has been complied with.

This statute does not create a cause of action in favor of creditors of a decedent's estate nor does it authorize an Executor of such estate to take such action for the benefit of the creditors. The purpose of the statute is to enable the Executor to cause such an action to be taken in behalf of "persons interested in the estate" merely to prorate Federal Estate and death taxes among themselves on an equitable basis. It does not authorize an action of the kind on behalf of creditors of the estate. Those owing due taxes are not debtors of the estate in the sense that they owe the money to pay creditors. This is borne out by T.C.A. sec. 30-1117. It seems to us by reading this section the purpose there was merely to give the Executor, *unless the will provides otherwise,* the right

to equalize this tax burden among the beneficiaries by recovery from these children of their proportionate part of this money taken outside the will. This money, as said in the outset hereof, was not paid to the Executor but was paid directly to the children. We think there is no question but such statute supplements on the State level the corresponding provision of the Federal Internal Revenue Code, which accomplishes the same purpose on the Federal side, I.R.C. secs. 2205 and 2206.

In Item 1 of the deceased's will, he provides that:

"I direct my Executrix, hereinafter named, to pay as soon as practicable all of my just debts and expenses of administration, including legacy, succession, inheritance, estate and like death taxes or other impositions arising by reason of my death, the above charges to be considered a debt of my estate and not a charge against any beneficiary."

When the will has such a provision in it, it is well stated by Phillips' Pritchard on Wills, supra, sec. 952, under an almost identical proposition that "the above quoted provision may be used if the testator wishes to exempt all legatees and devisees from paying their prorata part of death taxes and to require the residuary estate to bear the entire tax. In the event the testator desires to exempt some legatees or devisees and not others, specific language may be used in the item of the will making the bequest or devise, such as 'free from all estate, inheritance, succession or other death taxes of any nature'. It has been held in Tennessee that where the testator directed his executor to rent out lands specifically devised to a named devisee for a sufficient length of time to pay

all debts and costs of administration, the words 'costs of administration' included inheritance taxes.''

We, in *Commerce Union Bank v. Albert,* 201 Tenn. 631, 301 S.W.2d 352, held that where the will directed that all death taxes be paid by the Executor from the residuary estate, the widow was not required to contribute to the payment of estate and inheritance taxes on property she received by dissent from the will. A re-reading of this case emphasizes certain applicable principles to the factual situation in the present case wherein certain language above quoted from Code Sections 30-1117 and 30-1118 was italized as *''except in a case where a testator otherwise directs in his will''* and from 30-1118, *''and unless otherwise directed by the will of the decedent''* and the Court then said:

''The statute to which we have referred, and quoted in part in this opinion, Section 30-1117, T.C.A., contains no provision to the contrary. The italicized language in the statute emphasizes that a testator may direct payment of these taxes as he may see fit. The executors are not privileged to ignore the will even though some indirect benefits may accrue to persons not claiming title to property pursuant to its provisions.''

■ The language quoted from the will is not limited to taxes on assets passing under the will but applies to ''all taxes * * * arising by reason of my death''. Thus it is, this being true, the proration statute even if applicable cannot apply in this case by reason of the language in the will and the factual situation that these taxes have been paid prior to the institution of this action and that there is still in the estate, even though it is insolvent and insufficient to pay the creditors, a sufficient amount to pay

the costs of administration as per T.C.A. sec. 30-520, that is, first, the payment of administration expenses; second the payment of taxes; third, the funeral expenses; and then after these things have been paid the balance would be prorated on the debts.

█ The Executor argues very forcibly that "this leads to the real issue in the case at bar. The issue is whether a testator can by his will exempt a part of his probate estate to the prejudice of his creditors. The statute contains a provision regarding allocation 'except in case where a testator otherwise directs in his will', which direction is admittedly contained in the will of the deceased." The argument is made that what we have just said is what the appellant children maintain, and it is argued then that this was not the intention of the Legislature. We think that the language as emphasized in these statutes is exactly what the Legislature did mean. This language was so construed in *Commerce Union Bank v. Albert,* supra, and where the Legislature does use language expressing their meaning it is not for the Court to substitute considerations of fairness and equity for definite legislative directions on matters which are within the legislative control.

The Executor argues with much force that the very language of sec. 30-1604, T.C.A., means when an estate is unable to meet its debts that "in such a case the statute specifically states, the fact that the decedent may be insolvent and that a portion of his debts may remain unpaid shall not affect the liability for inheritance tax upon such insurance." Then it is said that this clearly subjects the property otherwise free from claims to inheritance taxes and that it is these taxes which the Executor seeks to collect. It must be remembered though that the purpose

of the statute is for the State and Federal Government to collect taxes on a certain amount of insurance (in other words, all over $40,000.00 payable to Class A beneficiaries is taxable). This tax goes to the estate. The Legislature in using this language in sec. 30-1604, T.C.A., is not referring to the debts of the deceased. It is merely a provision that the State and Federal Government can get their money out of it, not that creditors or individuals can do so. If the Legislature had intended that this be done, that is, that all over $40,000.00 be paid toward debts, the Legislature could and would have said so.

This then brings us to the argument and applicable statute to insurance of the kind, sec. 56-1108, T.C.A., and it is said, ''the operation of this statute (1) prevents such proceeds from passing, as part of his estate, into the hands of his personal representative—segregates such proceeds from the estate, and (2) makes them payable to the widow and children in the manner stated; and where the personal representative receives such proceeds, he holds them merely as trustee for the widow and children.'' *American National Bank & Trust Co. of Chattanooga v. McFarland,* 209 Tenn. 263, 352 S.W.2d 441. This statute (sec. 56-1108, T.C.A.) has been on the books for more than a hundred years. It was first carried in the Code of 1858 and has been applied in almost every conceivable situation wherein these Class A people have received money under insurance as relieving it from any of the debts and creditors as will be found by reading a legion of cases which appear as an annotation to the Code Section.

Under this section the proceeds of a deceased husband's life insurance policies cannot be appropriated by his creditors, whether the policies be payable to his

estate, his widow or to his children. *Dawson v. National Life Ins. Co.,* 156 Tenn. 306, 300 S.W. 567. Such insurance is not an asset of the estate; for while the Executor may collect it, he acts as a mere conduit to pass it to the statutory beneficiaries free from claims against the estate. *Rose v. Wortham,* 95 Tenn. 505, 512, 32 S.W. 458, 30 L.R.A. 609; *Agee v. Saunders,* 127 Tenn. 680, 683, 157 S.W. 64, 46 L.R.A., N.S., 788; *Chrisman v. Chrisman,* 141 Tenn. 424, 428, 429, 210 S.W. 783; and more recently it was held in *American Trust Company v. Sperry,* 157 Tenn. 43, 5 S.W.2d 957, that the primary purpose of the act was to enable a man to provide a fund for his wife and children, exempt from his creditors' claims, for their benefit after his death, that is, his wife and children, and the creditors have no concern in the details of the distribution among the wife and children of the funds derived from his life insurance unless by apt words a clear intention is disclosed on the part of the insured to subject his life insurance to the payment of debts and expenses of the estate.

One reading these many cases is clearly brought to the conclusion that the claims of creditors of the insured are just left out entirely unless by apt words clearly expressed by the testator to the contrary, and that such a statute cannot be made stronger than the one in force here. This being true, it is obvious when a creditor files a claim of this kind it is subject to criticism and doubt, and then when the Executor joins in at this date in attempting to collect these taxes his sole purpose was to satisfy creditors of the estate contrary to the provisions of the statute (sec. 56-1108, T.C.A.). As said above this statute has been on the books for more than a hun-

dred years and the Legislature has never seen fit to change it.

Regardless of this fact, we feel that under the factual situation as shown in this case, the taxes having been paid, the estate having sufficient money to pay these taxes, and the Executor having provided that these taxes should be paid first before anyone else, this clearly applies to a situation of this kind where the property does not come through the Executor but goes direct to the children. Such an application to the words of his will must be given such priority, and it seems to us, too, that all of this including these taxing statutes, referred to above, clearly point out that this was the intention of the Legislature.

In one of the first cases construing this statute (sec. 56-1108, T.C.A.), *Harvey v. Harrison,* 89 Tenn. 470, 14 S.W. 1083, this Court said:

"The fact of insolvency cannot be looked to; for the exemption is unconditional, and its express object was to withdraw a fund from creditors."

Frankly, this has been one of the most interesting lawsuits the writer has worked on in a period of years, and after reading and re-reading the briefs, the record, and authorities herein, we have come to this conclusion and feel like it is inescapable.