MRS. SARAH R. FRAZIER, Executrix of the Estate of
Thomas E. Frazier, Deceased, Appellant-Appellee, v.
LOIS PROCTOR FRAZIER, and LOIS KATHRYN
FRAZIER, and STAN LEE FRAZIER, Minors,
Appellees-Appellants.—468 S.W.2d 322.

Western Section. July 8, 1970.

Certiorari Denied by Supreme Court June 7, 1971.

Rehearing Denied August 16, 1971.

2

Thomas F. Turley, Jr., Memphis, for appellant-appellee.

Marvin C. Goff, Jr., and William E. Walsh, Jr., Walker Gwinn, Ronald M. Harkavy, Memphis, for appellees-appellants.

NEARN, J. This case was previously before us. Certiorari was granted by the Supreme Court, and our previous decision modified in part and reversed in part. The Opinion of the Supreme Court is reported as Frazier v. Frazier (June 21, 1968), 221 Tenn. 705, 430 S.W.2d 655.

The matter has been in litigation for almost four and one-half years. For an understanding of our determination of the issue now presented, it will be unnecessary to restate in detail the proof adduced in the lengthy litiga-

4

tion. The proof prior to this appeal has been adequately set out in the Supreme Court's previous Opinion.

Even though the issue presented by this appeal comes to us at an oblique angle, the issue is the same as it was at the outset of the litigation. The issue to be determined is the proper disposition of insurance proceeds.

A brief review of the proceedings is now required. Sarah R. Frazier, the mother of decedent, Thomas E. Frazier, was named as Executrix in decedent's will. There came into her hands as Executrix all of the estate and approximately $138,000.00 in life insurance proceeds payable to his estate. By the terms of the Will, after paying all debts, a bequest of $20,000.00 in trust was made for the benefit of decedent's sister, Miss Ellen Frazier. All the rest and residue was left in trust for the benefit of his two children, Lois Kathryn Frazier and Stan Lee Frazier. A divorce action was pending between decedent and his wife, Lois Proctor Frazier, and evidently for this reason, no provision was made for his wife. The Will was silent as to the life insurance payable to the estate and no mention was made in the Will by "apt words," or any words, to indicate an intention to eliminate application of T.C.A. 56-1108, which statute provides in effect that life insurance proceeds inure to the benefit of decedent's widow and children free from the husband's debts and do not pass through his estate unless by "apt words" in the Will a contrary intent is shown.

A Bill for Construction of the Will was filed by the Executrix joining all parties now before us to determine whether the insurance proceeds passed to the estate or directly to the widow and children. The learned Chan-

cellor held, among other things, that the insurance proceeds were not a part of the estate and passed directly to the widow and children under the statute. The Executrix appealed citing this action of the Chancellor, as well as many others, as error, but the other Assignments need not for the purpose of this Opinion be further considered. This Court, on the question of insurance proceeds, reversed the Chancellor, and our decision in that regard was held to be erroneous by the Supreme Court and that of the Chancellor correct.

Question was raised in the first appeal regarding payment of the Executrix' and her Solicitor's fee. The right to a fee of some sort has never been questioned. The source of the fee is the real question and the amount is perhaps dependent upon the source.

Regarding this point, in our previous Opinion, we stated:

"In his reply brief, able counsel for the executrix not only reasserts his seven assignments of error, but adds an additional ground for reversing the decree of the Chancellor, which is that Code Section 56-1108 T.C.A. should be construed in para materia with Sections 26-201 T.C.A., 30-300 T.C.A., 30-801 T.C.A., 31-201 T.C.A., and other statutes regulating descent and distribution, with the result that not only should this cause be reversed, but that it should result in a ruling that the claims of Mrs. Lois Proctor Frazier, as widow of Dr. Thomas E. Frazier, to marital rights in his estate, must be postponed or made inferior to the claim of the executrix for administering the estate, including compensation to her solicitor for probating the will and for filing the bill in the instant case. The

6

latter portion of this contention is predicated on the authority of the opinion of this Court in the case of 'In the Matter of the Estate of Andrew Jackson Lewis, Deceased, claim of R. C. Fuller', 45 Tenn.App. 651, 325 S.W.2d 647. In that case this Court held that such obligations and expenses incurred by Fuller, who had been named as executor of the will of Lewis, in offering the will for probate, and in successfully defending a contest of same in the Circuit Court, constituted a valid claim against the estate of Lewis, even though Fuller did not qualify as executor, because such expenses were incident to performance of his duty to present the will for probate. Section 56-1108 T.C.A. mentions only 'debts', whereas 31-201 T.C.A. refers to 'debts and the charges against the estate' and 30-520 T.C.A. gives first priority to 'costs of administration' and fourth priority to debts. In this aspect of the situation, counsel argues that the instant case is one of the first impression. He argues that, if the Code sections referred to are construed in para materia, the facts of the instant case are clearly distinguishable from the facts of Waldrum v. Waldrum (supra); and that it must inevitably follow that proceeds of the policies on the life of Dr. Thomas E. Frazier should be included in the property disposed of by his will. He also argues that if as was held by this Court in the case of In Re Lewis, a person nominated as executor in a will who did not qualify as such after he had successfully defended it, was entitled to compensation for such services out of the estate, the executrix in the instant case should be entitled to similar compensation for probating the will and pursuing the litigation incident to the instant case. We agree with the solicitor for the executrix that the Code sections referred to and/or

other statutes regulating descent and distribution should be construed in para materia, and we hold that the claim of Mrs. Sarah R. Frazier, as executrix for probating the will of Dr. Thomas E. Frazier and conducting the litigation incident to the case at bar, will constitute a valid claim against his estate, similar to that allowed in In re Estate of Lewis (supra)."

In considering the above ruling, the Supreme Court stated:

"The widow lastly contends that the Court of Appeals erred in holding that the marital rights of the widow in the estate should be made inferior to the claims of the executrix, including attorneys' fees. This holding of the Court of Appeals dealt only with the claim of the executrix for costs and expenses of administration, including counsel fees incurred in presenting the controversies involved for judicial disposition. It in nowise involves any subordination of rights under the code sections mentioned to claims of creditors. With this modification, the case will be remanded for appropriate fixing and payment of costs and expenses of administration as stated above."

The cause was remanded to the Chancery Court for conclusion.

On the remand the learned Chancellor has held that the insurance proceeds were not probate assets of the estate and were not a source of funds from which a fee could be allowed to the Executrix and her Solicitor. Since all estate funds had been consumed by widow's year's support and exemptions, there were no funds from which to award fees and the application for fees of the Executrix and her Solicitor was denied.

The Chancellor refused to charge the Executrix with interest at the rate of 6 per cent per annum on the insurance proceeds for the period of time for which she held them, and from this action the widow and children have appealed.

The Executrix has appealed with two Assignments of Error. The Assignments are restatements of each other and, in truth, amount only to one. The errors assigned in essence being that the learned Chancellor erred in holding that the insurance proceeds were not chargeable with the costs and expenses of administration, including fees of the Executrix and her Solicitor.

The widow and children, in their appeal, cite as error the failure of the Chancellor to assess the Executrix with the legal rate of interest (less credit for interest actually earned) on the insurance proceeds from the date of receipt to date of payment, May 9, 1969, or in the minimum alternative from the date of the Supreme Court Opinion (June 21, 1968) to date of payment.

Counsel for the Executrix urges upon the Court the theory that even if the insurance proceeds are not technically part of decedent's estate, they are nevertheless chargeable with administration expenses including Executrix' and Solicitor's fees. This position is based upon the argument that it was necessary for the Executrix to probate the Will, bring the action to construe the Will, and prosecute the appeal after the first decision adverse to the Executrix was rendered by the Chancellor. He further argues that there are no funds other than the insurance proceeds from which to be paid, that the decedent had the right of testamentary disposition over the insurance proceeds, that the main thrust of the litiga-

tion has been over these proceeds, and that, even though finally unsuccessful in obtaining the funds for the estate, the Executrix has done what she was obligated to do. Therefore, the insurance proceeds should be impressed with a lien for a fee for herself and her Solicitor. Counsel for the Executrix further argues that the Supreme Court so stated, if not directly by implication, when that Court "remanded for appropriate fixing and payment of costs and expenses."

It must now be conceded by the parties and by this Court that the insurance proceeds under discussion are not now and never have been part of decedent's "estate". Evidently, counsel for the Executrix has misconstrued the Opinion of the Supreme Court in this matter.

We have not been cited to any authority nor do we know of any authority which holds that an Executrix or her Solicitor are to be paid from funds which never have been, nor ever will be, assets of the estate. All cases cited by Solicitor for Executrix on this point hold that in proper circumstances, personal representatives or de facto personal representatives who seek to bring before the Court for judicial disposition bona fide controversies, even if unsuccessful in enhancing the estate, in proper cases are entitled to be paid for the services rendered from the assets of the estate. We reiterate, the insurance proceeds in this cause are not assets of the estate. They pass, by operation of the statute, directly to the widow and children.

In effect, we held in our first Opinion concerning this matter of fees that the insurance proceeds were part of the assets of the estate, and that the Executrix and her

Solicitor were entitled to a fee from the estate which, of course, under this previous ruling, would be payable from the insurance funds which we felt should be included in the estate. As previously stated, the Supreme Court corrected our error and held that the insurance proceeds in this case were not part of the assets of the estate. In passing on the widow's exception to our holding regarding the payment of Executrix' and Solicitor's fees, the Supreme Court said that our statement in that regard dealt only with the claim of the Executrix for costs and expenses of administration, including counsel fees incurred in presenting the controversies, and did not involve any subordination of claims under the appropriate code sections.

We understand the ruling of the Supreme Court to be that the case was remanded to fix fees and determine priority of claims payable from estate assets. The term "estate assets" does not include insurance proceeds.

On the remand, counsel for Executrix never requested the Chancellor to fix fee from estate assets, nor ever requested that Executrix' and Solicitor's fees have priority over payment of marital claims. In fact, throughout the record after remand, it is insisted by counsel for Executrix that they be paid from the insurance proceeds or not at all. It now appears that they must be paid in the latter manner. Counsel for Executrix has expended a great deal of time and effort in this case, and we take no pleasure in deciding this case in a way which will deprive counsel and his client of adequate compensation for time and effort expended. However, since in our opinion counsel for Executrix has by the record and by argument waived his right to have the Chancery

Court fix fees from the assets of the estate, or to seek any adjudication from the Chancellor regarding priority in estate assets for which purposes we hold the case was remanded, we cannot again remand for the same purpose.

■ Neither the Executrix nor her Solicitor are entitled to be paid in any amount from the insurance proceeds, nor do they have any lien, interest or claim of any nature whatsoever on the insurance proceeds. The fact that decedent had the unquestioned right of testamentary disposition over the insurance proceeds has no bearing on this issue. The fact remains that testamentary disposition was not exercised and by operation of the statute, the proceeds passed directly to the widow and children without ever becoming part of the estate.

In the recent (December 20, 1968) case of Wolf v. Mid-Continent Corporation, 222 Tenn. 348, 435 S.W.2d 836, the Supreme Court, in construing T.C.A. 56-1108, quoted with approval from one of the first cases construing the statute (Harvey v. Harrison, 89 Tenn. 470, 14 S.W. 1083) the following:

"The fact of insolvency cannot be looked to; for the exemption is unconditional, and its express object was to withdraw a fund from creditors."

The Executrix complains only that the fees for herself and her Solicitor were not awarded from the insurance proceeds. We hold this was not error and, for the reasons stated, the Assignment is overruled.

■ The widow and children complain that the Chancellor failed to charge the Executrix with interest at 6 per cent for the time which she held the funds. We hold the Chancellor was correct in not charging the Executrix

with legal interest over and above that which was actually earned while the insurance proceeds were in the hands of the Executrix. Since previously there has been a diversity of opinion in the Appellate Courts, we could not now say there was no justiciable issue for determination and bad faith had been evidenced by the Executrix in retaining the funds. Initially, the Chancellor held that the insurance proceeds were not part of the estate, we disagreed, and the Supreme Court corrected our error. After the Supreme Court's ruling and remand, and upon proper motion made by the widow and children for the delivery of the insurance funds, the Executrix paid over the funds, taking a refunding bond for any amount in fees that might be awarded to her from these funds. It is true that the Chancellor's first Decree, from which appeal was made, ordered the funds paid to the widow and children, but the appeal held its operation in abeyance. The Executrix obtained approximately 4 per cent on the funds while she retained them, pending the outcome of the litigation, and even if she had delivered them to the widow and children with a refunding bond at the outset of the litigation, it does not appear that, with the possibility of the funds having to be returned to the Executrix, the widow could have reaped any additional amount of interest than has been obtained. Therefore, all Assignments of Error are overruled and the Chancellor's Decree in all things is affirmed with costs of the lower Court and this appeal adjudged against the Executrix.

Carney, P.J., and Matherne, J., concur.