In the Matter of the Marital Trust
Created by the WILL OF Robert
L. MILLER.

Helen FRIDAY, Executor of the Estate
of Bernice M. Miller,
Claimant–Appellant,

v.

EXCHANGE STATE BANK, Trust of
the Robert L. Miller Marital Trust,
Trustee–Appellee,

Elizabeth Youngberg, Arvid Gose,
Eleanor Salisbury and Marilee
Hicks, Intervenors–Appellees.

No. 88–47.

Court of Appeals of Iowa.

Jan. 26, 1989.

Charles L. Elson, of Elson & Fulton, Leon, for claimant-appellant.

Robert D. Nelson, of Rasmussen & Nelson, Exira, for trustee-appellee.

William Sidney Smith and Ronald L. Mountsier, of Smith, Schneider, Stiles, Mumford, Schrage & Zurek, P.C., Des Moines, for intervenors-appellees.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

We address the issue of responsibility for payment of federal estate tax and state estate tax as between a marital trust established by the Will of Robert L. Miller and the estate of Robert's wife Bernice who was beneficiary of the trust and had a general power of appointment which she never exercised. We determine the trial court made a correct determination of the responsibility for taxes and affirm.

Appellant is Helen Friday, executor of the estate of Bernice M. Miller, who filed a claim against appellees The Exchange State Bank, Trustee of the Robert L. Miller Marital Trust. Elizabeth Youngberg, Arvid Gose, Eleanor Salisbury and Marilee Hicks, are beneficiaries of that trust who intervened in the action.

The estate sought to impose federal estate and state estate tax obligations on the trust by virtue of the inclusion of the trust in the estate for federal estate tax purposes. The trust admits it has an obligation to pay a portion of these taxes and confessed judgment for the portions it admitted owing. The dispute centers around the amount of tax owed by the trust.

Robert L. Miller died testate in 1980. His wife Bernice M. Miller, now deceased, survived him. The couple was childless. Robert's will created a trust he designated as the "Marital Trust." The trust was intended to allow Robert's estate to utilize the maximum marital deduction. The trust gave a general testamentary power of appointment to Bernice and providing as to the nonexercise of the power as follows:

\* \* \* \* \* \*

2. Any of the principal of this trust over which my wife does not effectively exercise her general power of appointment shall be distributed to the trustee of the Residuary Trust and shall be administered as a part of that Trust in accordance with all of the provisions applying thereto; however, before such distribution to the Residuary Trust, the trustee of the Marital Trust shall pay from the principal of that Trust its pro rata share of all inheritance, estate, succession or other similar taxes otherwise payable by my wife's estate or the recipients thereof, resulting from the inclusion of the Marital Trust assets in my wife's estate.

\* \* \* \* \* \*

The Marital Trust received assets from the Robert Miller estate of $509,599. Income from the trust was paid or credited by the trust to Bernice Miller. Bernice died never having exercised her general power of appointment. At Bernice's death the assets of the trust had appreciated in value to $1,100,917. These assets were included in her estate for federal estate tax purposes and as a result generated Iowa estate tax. In addition to the Marital Trust Bernice had an estate of $548,266.[1]

The first disagreement between the estate and the trust is how the federal estate tax liability of the trust should be comput-

---

1. Bernice's federal estate tax return as filed claimed:

| | |
|---|---|
| Gross estate tax | $622,952 |
| A unified credit | (155,800) |
| A credit for state death taxes | $( 74,342) |
| Net estate tax | $392,790 |

ed. The estate contends the tax should first be computed on $548,266,[2] and then tax should be computed on the estate with the marital trust. The estate contends the trust should pay the difference between the first computation and the second.[3] The trust contends the tax on the total estate should be computed and Bernice's estate and the trust should each pay such portion of the tax as the value of the property bears to the total taxable estate.[4] The estate's computation results in a larger tax charged the trust than does the trust's computation. The trial court accepted the trust's argument. We agree.

■ We look to the language of Robert Miller's will. The parties agree, and we find it controls. We determine it is clear from the language used it was the intent for the trust to pay a pro rata share of federal estate taxes to the extent the trust property was included in the estate for federal estate tax purposes. The estate's argument to the contrary focuses on the fairness of such an apportionment and the fact Robert would not have intended the result reached. The estate premises its argument on the contention it is fair and Robert's intent for the maximum amount of Bernice's property to go to her heirs at the expense of Robert's heirs. The estate cites no authority supporting this issue and we find none. Because we reject the estate's argument on other grounds, we find it unnecessary to address this argument.

The issue focuses on the use of the word pro rata share. In interpreting a will (1) the testator's intent is the polestar and must prevail; (2) his intent must be gathered from a consideration of (a) all the language contained in the four corners of the Will, (b) his scheme of distribution, (c) the circumstances surrounding him at the time he made his Will, and (d) the existing facts; and (3) technical rules or canons of construction should be resorted to only if the language of the Will is ambiguous or conflicting or the testator's intent is for any reason uncertain. *Matter of Estate of Nagl*, 408 N.W.2d 768, 771 (Iowa App. 1987); *In re Larson Estate*, 256 Iowa 1392, 131 N.W.2d 503, 504 (1964).

After a will is admitted to probate, a testator cannot testify. Intent should therefore be gleaned from the words of the will. Where the language is clear, both in expression and meaning, rules of construction are inapplicable. *Lytle v. Guilliams*, 241 Iowa 523, 525–26, 41 N.W.2d 668, 670, 16 A.L.R.2d 1377, 1380 (1950). Pro rata is defined to mean "proportionally; according to a certain rate, percentage, or proportion," *Black's Law Dictionary*, 1364 (4th ed. 1968), and "proportionally;" according to an exactly calculable factor (as share of liability), *Webster's New Collegiate Dictionary*, 917 (1979). The apportionment advanced by the trust has been described as providing for the "pro rata" or "proportionate" apportionment of such taxes. *Kintzinger v. Millin*, 254 Iowa 173, 190, 117 N.W.2d 68, 78 (1962); *Bergren v. Estate of Mason*, 163 N.W.2d 374 (Iowa 1968); *Risor v. Brown*, 247 Ark. 500, 446 S.W.2d 202, 204 (1969); *Gesner v. Roberts*, 91 N.J.Super. 255, 219 A.2d 885, 887 (1966); *Wolfe v. Mid–Continent Corp.*, 222 Tenn. 348, 435 S.W.2d 836, 839 (1968); *First Nat'l Bank of Nevada v. Wells*, 267 N.C. 276, 148 S.E. 2d 119, 121 (1966); *In re Will of King*, 22 N.Y.2d 456, 293 N.Y.S.2d 273, 239 N.E.2d 875, 878 (1968) cert. denied 393 U.S. 1086, 89 S.Ct. 872, 21 L.Ed.2d 779 (1969).

The estate argues Robert intended to say something else. We find the meaning of pro rata to be clear. The question is not what Robert meant to say but what he meant by what he did say. *See In re Estate of Kiel*, 357 N.W.2d 628, 631 (Iowa 1984); *Bankers Trust Co. v. Allen*, 257

---

**2.** If the marital trust had not been included in Bernice's estate, the estate claims her federal estate tax liability would have been:

| | |
|---|---|
| Gross estate tax | $176,668 |
| A unified credit | 155,800 |
| A credit for state death taxes | 12,250 |
| Net estate tax | $ 8,612 |

**3.** The estate claims they owe $8,612 federal tax and the trust owes $384,178.

**4.** The percentage of trust property taxable to the estate is 66.7553 percent. The trust has agreed to be liable for federal estate tax of $262,208 (392,790 × 66.755390 percent).

Iowa 938, 944, 135 N.W.2d 607, 610–11 (1965) and citations; *Schau v. Cecil*, 257 Iowa 1296, 1299, 136 N.W.2d 515, 518 (1965); *Clarken v. Brown*, 258 Iowa 18, 23, 137 N.W.2d 376, 379 (1965).

We determine the language of the will was clear and a pro rata computation should be made and the trust should be chargeable with that portion of the federal estate tax as the value of the property bears to the total taxable estate. Such an interpretation also finds support in Iowa case law.

In discussing a similar issue in *Kintzinger v. Millin*, the court said:

"In the instant case, the taxable estate of decedent for estate tax purposes was divided into two separate parts, the probate estate and the trust estate. The federal estate tax fell on both of those parts. Because of the existence of the nonprobate assets in the trust estate, the federal estate tax was substantially increased beyond what it would have been if the trust assets had not been included in the decedent's gross estate for the purpose of determining the amount of the estate tax. Under those circumstances and where there are no state statutes indicating and the decedent has indicated no intention as to who or what shall bear the burden of that tax, it is difficult to understand the justice of a rule of law that would impose the whole burden of the estate tax on one of the two separate parts of this decedent's estate...."

We conclude the holders of the common stock should pay such portion of the federal estate tax as the value of such stock, for estate tax purposes, bears to the sum of the net estate, and such purposes, and the exemption allowed in computing that net estate....

*Kintzinger v. Millin*, 254 Iowa 173, 192–93, 117 N.W.2d 68, 80 (1962) (citing *McDougall v. Central National Bank*, 157 Ohio St. 45, 51, 104 N.E.2d 441, 444 (1952). *See also In re Artz' Estate*, 254 Iowa 1064, 1075, 120 N.W.2d 418, 425 (1963).

■ The second issue involves the computation of Iowa inheritance and estate tax and the trust's responsibility for Iowa estate tax. Iowa inheritance tax, unlike federal estate tax, is not a tax on the estate of the decedent but is a tax on each right of succession and is chargeable to the property each beneficiary receives. *In re Estate of Millard*, 251 Iowa 1282, 1291, 105 N.W. 2d 95, 101 (1960); *Eddy v. Short*, 190 Iowa 1376, 1380–1382, 179 N.W. 818, (1920). The Iowa law provides for various exemptions under Iowa Code section 450.9 (1987), and then imposes certain rates of tax according to Iowa Code section 450.10 (1987).

Additionally, Iowa has an estate tax provided for under section 451.2 which provides:

An amount equal to the federal estate tax credit for state death taxes as allowed in the Internal Revenue Code of 1954 is hereby imposed upon every transfer of the net estate of every decedent, being a resident of, or owning property in this state, as herein provided.

1. Where decedent is a resident of Iowa and all property is located in Iowa, or is subject to the jurisdiction of the courts of Iowa, an amount equal to the total credit as allowed under federal statute shall be paid to the state of Iowa. Where decedent is a nonresident or where property is located outside the state of Iowa and not subject to jurisdiction of Iowa courts, the tax shall be prorated on the basis that the Iowa property bears to the total gross estate for federal tax purposes.

2. The total tax or the Iowa share of said tax shall be credited with the amount of any inheritance tax due the state of Iowa as provided in chapter 450.

The estate and trust both recognize the trust has no obligation for Iowa inheritance tax. They also both agree the amount ultimately paid to the state of Iowa was correct.[5] Their disagreement centers on which portion of the amount paid was for inheritance tax[6] and which part was for

---

5. A total of $74,342 was paid to the state of Iowa for inheritance and estate tax.

6. The estate contends Iowa inheritance tax should be $15,194. The trust contends Iowa inheritance tax should be $40,498.

Iowa estate tax. The federal estate tax credit for state death taxes was $74,342. Therefore, the greater of this amount or the inheritance tax is the amount ultimately owed to the state of Iowa. Because the marital trust was includable in the gross estate for federal estate tax[7] but was not part of the estate for Iowa inheritance tax[8] purposes, the credit for state death taxes given on the federal return was greater than the Iowa inheritance tax as computed by either the estate or the trust.[9] Therefore the estate had liability for Iowa estate tax.

The estate argues the entire Iowa estate tax was caused by the inclusion of the trust assets in the estate for federal estate tax purposes; thus it contends the trust should pay all the estate tax. The estate is correct in their contention without the marital trust being included for federal estate tax purposes there would have been no state estate tax.[10] We determine, however, for reasons set forth earlier, it is clear from the language used in Robert's will it was the intent for the trust to pay a pro rata share of state estate taxes to the extent the estate property was included in the estate for federal estate tax purposes.

 The estate's next argument centers on the issue of the amount of inheritance tax owed. The estate contends they should deduct *all* federal estate tax paid before determining inheritance tax on the share of the estate beneficiaries. The trust contends only that amount of federal estate tax actually paid by the estate on assets included for state inheritance tax purposes is deductible in computing Iowa inheritance tax. We agree. The amount received by the beneficiaries was not reduced by the federal estate tax paid by the trust.

■ The estate's last argument is the entire amount of $74,342 is estate tax, consequently the pro rata formula should apply to the entire amount due the state of Iowa without subtracting the inheritance tax. We do not so interpret Iowa Code section 451.2. We affirm the trial court.

AFFIRMED.

---

7. The gross estate for federal estate tax purposes is $1,649,183.

8. The gross estate for Iowa inheritance tax purposes is $716,922.

9. The estate contends Iowa inheritance tax should be $15,194. The trust contends Iowa inheritance tax should be $40,498.

10. The credit for state death taxes had the Marital Trust not been included would have been

$12,256. The inheritance tax, if the marital trust was not included, by the estate's computation would be $40,498.00. By either computation, there would be no state estate tax had the trust not been included for federal estate tax purposes.